MARY McCABE *vs.* CITY OF CAMBRIDGE.

Middlesex.    Jan. 30. — March 3, 1883.    FIELD & W. ALLEN, JJ., absent.

A notice to a city, under the St. of 1877, c. 234, § 3, that a person has been injured by a defect in a highway, if delivered, in the city clerk's office, to the assistant clerk in the absence of the clerk, is duly served on the city.

A notice to a city stated that a person had been injured by reason of a defective sidewalk, "while walking on the right hand side of C. Avenue" in that city, "and coming towards the crossing of the F. Railroad;" that the defect was "a depression in the sidewalk caused by the sinking of the earth placed over a large plank gutter;" and that it "was located about one third of the way from the said railroad crossing to Walnut Street in said" city. It appeared in evidence, at the trial of an action against the city for such injury, that there was only one sidewalk on C. Avenue, and that was on the right hand side going from said city towards the railroad crossing; that the defect was caused by the rotting out of a large plank gutter; and that there was no street in the vicinity of the accident of the name of "Walnut," but that there was a street called "Walden," which entered C. Avenue near by. *Held*, that the notice was sufficient, under the St. of 1877, c. 234, § 3.

TORT for personal injuries occasioned to the plaintiff, on October 1, 1880, by a defect in a highway in the defendant city. At the trial in the Superior Court, before *Bacon*, J., there was evidence tending to prove the following facts :

On October 30, 1880, the son of the plaintiff obtained the notice hereinafter set forth, got it signed by his mother, who

was confined to her bed, and at about two o'clock in the afternoon, by her authority, left it, in the absence of the city clerk, with the assistant city clerk, at the clerk's office in Cambridge, the assistant clerk saying that it was just as well to leave it with him, and that the clerk would not return that day. The assistant clerk was appointed under an ordinance of the city, in pursuance of the St. of 1869, *c.* 72; and it was his custom, in the absence of the clerk, to receive all papers and notices, and to hand them to the clerk as soon as he returned. The notice was handed to the mayor and aldermen on November 3, 1880, and notice was afterwards issued to the plaintiff for a hearing, before the committee on claims, upon the question of damages. A copy of the ordinance is printed in the margin.*

The judge ruled, against the objection of the defendant, that, upon the above evidence, the jury might find that the notice had been legally served. The plaintiff then put in evidence the following notice, addressed to the defendant, dated September 30, 1880, and signed by the plaintiff:

"Please take notice that on the first day of September, A. D. 1880, the undersigned, Mary McCabe of Cambridge, in the county of Middlesex, while walking with due care, in the evening, on the right-hand side of Concord Avenue in said Cambridge, and coming towards the crossing of the Fitchburg Railroad (crossing said avenue) called the Fresh Pond Crossing, she met with an accident by reason of a defective sidewalk, injuring her ankle, and receiving internal injuries. The defect consisted of a depression in the sidewalk caused by the sinking of the

---

* " Section 1. Annually in the month of March there shall be elected by the city council in joint convention, an assistant city clerk, who shall be sworn to the faithful discharge of his duties, shall hold office for one year or until his successor is chosen, shall be removable at the pleasure of the city council, and shall receive such compensation as the city council shall prescribe.

" Section 2. The assistant city clerk shall assist the city clerk in recording, indexing, and certifying mortgages of personal property and assignments of wages, and shall also, if necessary, attest documents as provided in the second section of chapter seventy-two of the Acts of the year eighteen hundred and sixty-nine, and shall perform all other duties pertaining to the office of city clerk when thereto requested by the city clerk or when from any cause the office of city clerk shall be vacant."

earth placed over a large plank gutter put in by the city, made
to turn surface water from the street, the plank gutter having
rotted out and leaving a great depression in the sidewalk, into
which she stepped and fell. Said defective spot had existed
more than twenty-four hours before the accident, and was located
about one third of the way from the said railroad crossing to
Walnut Street in said Cambridge. I hereby give the city of
Cambridge notice of its defective street and sidewalk, and of its
location, and of the accident which befell me and the day it hap-
pened. And I hereby give the city further notice that I intend
to prosecute a suit against the city of Cambridge for the injuries
sustained by reason of said defect, and hereby claim as damages
the sum of four thousand dollars."

Concord Avenue, on which the accident happened, is at least
half a mile long. The defect consisted of a hole, caused by the
rotting of a plank gutter, about twelve inches square, put in by
the city to carry off water under the sidewalk to the land below
the street. This portion of the street passed through a piece of
low ground, and the street was raised up by filling above the
natural level. There was but one sidewalk on this portion of
the avenue for a long distance, and this was a gravelled walk
about six or seven feet wide, on the right-hand side of the
avenue going towards Fresh Pond Crossing. There were within
a certain distance in this sidewalk three similar spouts, put in
by the city to carry off the surplus water, made of plank, and
about a foot square. The hole into which the plaintiff stepped
and fell was about thirteen by fourteen inches, and of about
thirteen inches in depth. North of the defect, the Fitchburg
Railroad crossed this avenue, called and known as the Fresh
Pond Crossing. South of the crossing were the three wooden
spouts or culverts above named, the centre spout or culvert
being the defective one; the spout or culvert nearest the crossing
was four hundred and seventy-seven feet south of the crossing,
the second or defective one was eight hundred and seventy-
nine feet south of the crossing, and the third spout or culvert
was one thousand one hundred and twenty-two and one half feet
south of the crossing. Soon after the reception of the notice, the
defect was repaired by the city. There was no street near the
place of the accident by the name of Walnut Street; but there

was a street called Walden Street, near by, which entered Concord Avenue.

The judge ruled that the notice was insufficient; directed a verdict for the defendant; and reported the case for the determination of this court. If the ruling as to the service of the notice was right, and the ruling as to the sufficiency of the notice was wrong, the verdict was to be set aside, and a new trial granted; otherwise, judgment to be entered on the verdict.

*A. R. Brown*, for the plaintiff.

*J. W. Hammond*, for the defendant.

HOLMES, J. The notice in this case was well served on the city of Cambridge when it was put into the hands of the assistant clerk in the city clerk's office. The fact of leaving his assistant in charge of the office was a sufficient request to receive official communications properly to be delivered at that place, within the ordinance under which the assistant was appointed. And, on general principles, the assistant was so far the servant of the clerk and all one with him that a delivery to the assistant, under the circumstances, was a delivery to the clerk.

We also think that the notice was sufficient. It states that the plaintiff was injured by reason of a defective sidewalk, " while walking on the right-hand side of Concord Avenue in Cambridge and coming towards the crossing of the Fitchburg Railroad." As there was only one sidewalk on Concord Avenue, and as this was on the right-hand side going from Cambridge toward the railroad crossing, the notice necessarily imported that the plaintiff was walking from Cambridge toward the crossing, and that the defect was on the Cambridge or southerly side of the crossing. The defect, which was caused by the rotting out of a large plank gutter, was accurately described, and was of such a nature as to be easily identified. The defendant would hardly ask us to presume that there were several such defects in the neighborhood. Then follows the statement that the defective spot " was located about one third of the way from the said railroad crossing to Walnut Street in said Cambridge." There was no street of that name thereabouts. But the statement is controlled by the rest of that notice, which shows that the defect was on Concord Avenue,

and the notice as a whole indicates clearly enough that the place of the accident was near the crossing. Thus we have the three facts of a peculiar and easily identified defect, the street and the side of the street upon which it was, and its proximity to a fixed point. Under these circumstances, as there was a street called Walden Street, which entered Concord Avenue hard by, the reference to Walnut Street rather helps than harms. It is not quite *idem sonans*, but it suggests its own explanation, and made it easier rather than more difficult to apply the notice to the land.                         *New trial ordered.*