ROZANN KELLY v. CITY OF MINNEAPOLIS.

June 21, 1899.

Nos. 11,659—(198).

#### City of Minneapolis—Personal Injury—Notice of Claim.

The notice of injury required to be given to the mayor or city clerk, under the charter provisions (Sp. Laws 1881, c. 76, subc. 8, § 20) of the city of Minneapolis, before an action can be maintained on account of such injury, can properly be given and served upon the assistant city clerk.

#### Same—Laws 1897, c. 248—Service upon Assistant Clerk.

And the like notice and claim to compensation required to be given and presented to the council, under the provisions of laws 1897, c. 248, § 1, may also be given and delivered to such assistant clerk; he being one of the officers having the custody of the records and files of such council.

#### Same.

Notice is properly given, and the claim is properly presented, under either of these laws, by delivering to the proper official a copy or copies of the original written notice and claim to compensation; said notice and claim being duly addressed to the officials designated in such laws, and for whose information they are intended.

Action in the municipal court of Minneapolis to recover $500 damages for personal injuries caused by a defective sidewalk negligently maintained by defendant city. At the close of plaintiff's testimony the court, Kerr, J., granted a motion to dismiss the action; and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*A. R. Holman* and *Geo. E. La Clair*, for appellant.

*Frank Healy* and *L. A. Dunn*, for respondent.

Service on an assistant clerk is not service on the city clerk. Sp. Laws 1881, c. 76, subc. 8, § 20. Service of the notice is mandatory, and a condition precedent to right to maintain action. Bausher v. City of St. Paul, 72 Minn. 539. The legislature having designated a particular officer, process must be delivered to him alone. Town v. Town, 21 Vt. 488; Town v. King, 41 Vt. 611;

Scorpion v. Marsano, 10 Nev. 370; Chambers v. King, 16 Kan. 270. Process must be delivered to the person holding the office eo nomine, and not to one merely discharging its duties. City of Sacramento v. Fowle, 21 Wall. 119; Alexandria v. Fairfax, 95 U. S. 774. See Dewey v. Central, 42 Mich. 399. Nor is the necessity for the statutory service obviated because the proper person has sought to avoid service. Van Rensselaer v. Palmatier, 2 How. Pr. 24; Van Rensselaer v. Petrie, 2 How. Pr. 94; Rees v. City of Watertown, 19 Wall. 107. See City v. Robinson, 69 Wis. 230; Amy v. Watertown, 130 U. S. 301.

Service on the city clerk is not service on the council. Laws 1897, c. 248; Sp. Laws 1881, c. 76, subc. 1, subc. 4, § 1. If Laws 1897, c. 248, is construed as repealing the charter, service on the city clerk or his assistant is void for any purpose. The general law does not repeal the charter provision. It was held in Bausher v. City of St. Paul, supra, and Doyle v. City of Duluth, 74 Minn. 157, that the general law applies in all cities; but it does not follow that the charter provision is repealed. It is not repealed in express terms. Moore v. City of Minneapolis, 43 Minn. 418; Merz v. City, 11 N. Y. S. 778, affirmed in 128 N. Y. 617. Under similar provisions it has been held that service must be on all officials and bodies named. Sowter v. Town, 65 N. H. 207; Wentworth v. Town, 60 Wis. 281; Benware v. Town, 53 Wis. 527; Goldsworthy v. Town, 75 Wis. 24.

COLLINS, J.[1]

It is assumed by both parties to this action that it was necessary for plaintiff to comply with the requirements of the city charter (Sp. Laws 1881, c. 76, subc. 8, § 20) as to service of notice of the injury upon the mayor of the city or the city clerk, and also to comply with the provisions of Laws 1897, c. 248, § 1, as to giving a like notice and the presentation of her claim to compensation to the city council, or governing body, in writing. Acting upon the assumption, the questions for determination are two in number.

At the trial, counsel for plaintiff produced a written notice, addressed to the city, to the city council, to the mayor, and to the

[1] MITCHELL, J., absent, did not sit.

city clerk, of the injury complained of, and also plaintiff's claim to compensation, which notice and claim were signed by plaintiff's counsel in her behalf, and which were concededly in due form, and then offered to show that on October 17, 1898, within the 30 days, there was delivered to the assistant city clerk, at the office of the clerk, during his absence from the city, a copy thereof for the clerk himself, and also that at the same time there was delivered to the assistant clerk, and for the city council, another copy of this notice and claim, with a request that the same be presented to the council at their first meeting; that the council was not then in session; that the first session thereafter was on October 28, 1898, which was more than 30 days after the injuries were received; and that at such session the copy so delivered for the council was presented and read by the city clerk as part of the proceedings. The trial court held the offer to be insufficient to show compliance with either of the laws before mentioned, and dismissed the action.

1. The first question grows out of the fact that the copies were served upon the assistant city clerk, instead of the clerk himself. The position of defendant's counsel is that, in order to comply with the charter provision, service must be made upon one of the two officers therein named (that is, on the mayor or the clerk), and that service cannot lawfully be made upon a deputy or an assistant of the latter, and decisions in support of this position are cited.

One of these (Town v. King, 41 Vt. 611) is nearly in point; and it was there held that an assistant town clerk was not a proper person upon whom to make service of a writ against a town under a statute which provided that such service should be made by leaving a copy with the town clerk, or, if he be absent from the state, by leaving the copy with one of the principal officers of the town. The reasons given for this conclusion seem to be that under the statute of that commonwealth the assistant is not an officer of the town,—is not appointed by the town, or responsible to it; he is appointed by the clerk, and the latter is responsible to the town for his acts; and, further, that in the absence of the clerk from the state the law expressly provided for service of the writ upon another town officer. Why, then, asks the court, should service be made upon the assistant, when the clerk is within the state and accessible? What we

should hold under such a statute, and with that view of the status and position of an assistant clerk, we are not required to determine.

The office of assistant clerk of the city of Minneapolis is provided for in the charter (subchapter 3, § 4). He is expressly given all the powers, duties and responsibilities of his principal, except that, by implication at least, he cannot, except in the absence or disability of the city clerk, certify to or affix the corporate seal to the copies of the files and transcripts of records. His appointment by the clerk must be confirmed by the council. The council also determines his salary, directly or indirectly. Undoubtedly, he may be required to give a bond for the faithful discharge of his duties, and is responsible to the municipality for their proper performance. Although styled officially "assistant clerk," he is in fact a deputy, and there is no reason whatsoever for holding that service of the notice and claim upon him is not within the charter provision. If we should hold that a statute which required a notice to be served upon an officer, naming him, must be construed as requiring such service to be made upon him solely, and that service upon his deputy is invalid and ineffectual, the profession would, we think, not only be surprised, but very much inconvenienced, and, in these days of much litigation, would frequently be deprived of all opportunity for serving notices and other legal papers. The charter provision was complied with when the notice was left at the clerk's office, in the hands of his assistant.

The claim that the statute of 1897, which, as before stated, provides that notice of the injury shall be given and the claim presented to the council or other governing body of the municipality within 30 days, was not complied with, because the notice was left with the clerk, instead of with the council or other body, was disposed of in Roberts v. Village of St. James, 76 Minn. 456, 79 N. W. 519. It was there held that, where the governing body is not in session at the time of service, the statute is complied with if the notice be directed to the council or other governing body, and is then delivered to the officer having care and custody of the records and files of such body, within the time fixed by statute. The notice involved herein was so directed, and the officers who had in custody

the records and files of the council were the city clerk and his assistant. The service was sufficient, under the statute.

2. Copies of the original notice and claim were delivered to the assistant clerk. The charter and the statutory provisions are silent as to the manner in which notice is to be given and the claim to compensation presented, except that they must be in writing. The object of requiring notice of the injury to be given and the claim to be presented is to advise the proper authorities, so that an investigation of the circumstances may be promptly made. As said in the Roberts case, notice must be given of the injury and of the claim in some practical and effectual way, in the absence of specific directions. If the required object be accomplished, the manner in which it is brought about can be of very little importance. Service by a delivery of copies of the original notice and claim to compensation is a practical way, and certainly is as effectual as would be service by delivery of the originals. The proper officers are advised of the claim, and are put upon inquiry into the surrounding facts, and nothing more can be desired. We are of the opinion that in this respect the service was adequate and complete.

Order reversed, and a new trial granted.

