PERCY T. JONES, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— In an action to rescind the purchase of a guaranteed first mortgage certificate on the ground of misrepresentation and to recover the purchase price thereof, order granting the plaintiff's motion and striking the action from the calendar of jury causes and placing it upon the day calendar of non-jury causes affirmed, with ten dollars costs and disbursements. No opinion. Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.

ANNA KNIGHT, Appellant-Respondent, v. THE CITY OF NEW YORK, Respondent-Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of a fall caused by stepping into a " deep hole or excavation " at or near a street intersection. Plaintiff appeals from an order setting aside the verdict of the jury awarding her $2,500, and dismissing the complaint, solely on the ground that the plaintiff's notice of claim and intention to sue is defective and insufficient in law. Defendant appeals from the order " in so far as said order dismisses the complaint solely on the ground that plaintiff's notice of claim and intention to sue is defective and insufficient in law and in so far as said order directs that if the said order is reversed on the appeal taken by the plaintiff from the said order, judgment may be entered in favor of the plaintiff upon the aforesaid verdict." Plaintiff's exception to the setting aside of the verdict and the dismissal of the complaint was ordered to be heard by this court in the first instance. Plaintiff's exception is sustained, the order in so far as it sets aside the verdict in her favor and dismisses the complaint is reversed on the law and the facts, with costs to appellant-respondent, the motion is denied, the verdict is reinstated and judgment is directed to be entered thereon, with costs. In all other respects the order is unanimously affirmed, without costs. In view of this decision the appeal by the defendant is dismissed, without costs. Plaintiff was walking west on the north side of Fulton street, intending to cross to the northwest corner of Fulton street and Richmond street. When she reached the northeast corner she stepped off the curb to cross Richmond street, took two or three steps and fell in the hole. The notice describes the place of the accident as " in the street on Fulton Street, at or near its intersection with Richmond Street." While the place where the injury was sustained might have been stated with greater particularity, we believe the notice substantially complies with the statute and was sufficient to enable the officers of the city to locate the place where the accident occurred. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

GEORGE W. KNOLL, as Administrator, etc., of DORETTA F. KNOLL, Deceased, Respondent, v. CHARLES SELIGMAN, Appellant.— Action by plaintiff as administrator to recover damages resulting from the death of his intestate, who was killed when she was riding in an automobile which collided with defendant's car. Judgment for plaintiff and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.

MARGUERITE A. KOCH, Respondent, v. EMIL F. KOCH, Appellant.— Order denying defendant's motion for an order staying the execution of any commitment adjudging him in contempt and relieving him from the payment of alimony affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ., concur.