MINNIE GIOVANNIELLO, as Administratrix, etc., of MARIA FAR-
ANELA, Deceased, Plaintiff, *v.* THE CITY OF NEW YORK,
Defendant.

Supreme Court, Kings County, December 9, 1936.

*Reuben L. Haskell* [*Harry Berger* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*Arthur R. Callahan* of counsel],
for the defendant.

CUFF, J. This is an action for personal injuries resulting in
death which was tried before me in Part VIII, Kings county,
without a jury. It was stipulated that if the plaintiff was found
to be entitled to a verdict, the amount assessed against the defendant
should be $350. I find that the injuries were sustained and death
occurred solely by reason of defendant's negligence.

The defendant City of New York raises a bar to plaintiff's right to recover, claiming that plaintiff's notice of intention to sue failed to set forth with the particularity required by law the place where the accident occurred.

The notice states that plaintiff's intestate fell into a " hole in the sidewalk on Christopher Avenue between Pitkin and Glenmore Avenues, Borough of Brooklyn, City and State of New York." The proof is that Christopher avenue, between those streets, is 400 feet long and 60 feet wide. The defect complained of was not extraordinary in character. On these facts the notice served, standing alone, was insufficient. (*Casey* v. *City of New York*, 217 N. Y. 192.)

Plaintiff, however, put in evidence the examination of plaintiff by the city comptroller, taken pursuant to section 149 of the Greater New York Charter (as amd. by Laws of 1933, Ex. Sess., chap. 829, § 2). She was questioned in detail concerning the happening of the accident. Plaintiff was asked, " Where on Christopher avenue did this accident happen?" and " In front of what number did your mother [the deceased] tell you she fell?" In each instance she replied, " In front of 106–108 Christopher avenue." Answering questions, she said that the address was an apartment house, without stores. Asked, " Did you go to look at the place where your mother said the accident happened?" she said, " Yes," and asked, " Where was it?" she answered, " In front of 106–108, which is nearer to Pitkin." Describing the exact spot, she said: " Near the gutter," " It looked like it was a break there," " A piece was missing." Plaintiff's counsel stated in the record during the examination that the hole was " about seven feet in length parallel with the curb and about six inches deep " and " about a foot and a half or two feet wide," " and * * * pavement was out * * * leaving a dirt bottom."

It is significant that this examination took place prior to the filing of the notice, which the city now attacks for indefiniteness. Actually, therefore, the city knew exactly where the accident happened as well as the nature of the defect and received that information from the claimant in the form of sworn testimony before the time to file a notice of intention to sue had expired.

The question presented, therefore, is: May the city, informed by claimant in the examination held under section 149 of the charter of the particular place where the accident happened, avoid liability by showing that the notice of intention to sue subsequently served upon it by claimant described the place of the accident only in general terms? (Greater N. Y. Charter, § 261, as amd. by Laws of 1912, chap. 452.) To answer that question

affirmatively would be to sustain a technical objection that would strain the spirit of the statute, challenge common sense, and cause justice to blush.

A plaintiff suing a municipality should adhere to the terms of the statute that authorizes the litigation, but exactitude in following a statute is not ordinarily a requirement. Substantial compliance has always been regarded as sufficient. (*Knight* v. *City of New York*, 249 App. Div. 635.)

The statute provides that the city be informed in writing of the accident, of its time, of its place, and that the claimant intends to sue. If the city receives that information, the object of the statute is attained, for the municipality has been placed in a position — a very favored one — to protect itself. (*Sweeney* v. *City of New York*, 225 N. Y. 271.) In the last-mentioned case the notice held sufficient came to the city in the form of two letters.

By the detailed examination of plaintiff at the hands of the comptroller, the city not only was informed definitely where in fact the accident happened, but also where plaintiff claimed it happened. Every demand of the law was met. (*Casey* v. *City of New York*, *supra*.)

I find that the notice of intention to sue served by plaintiff as reinforced by the examination of plaintiff by the city's comptroller before the notice was served, is ample.

Judgment for plaintiff for $350.