EDITH H. PERRY, GUARDIAN FOR WILLIAM S. PERRY ET AL., AND EDITH H. PERRY, INDIVIDUALLY, v. CITY OF HIGH POINT.

(Filed 20 December, 1940.)

**1. Municipal Corporations § 46—**

Where a municipality contends that no notice of claim against it had been given its city council as required by its charter as a condition precedent to the right to maintain an action on the claim, testimony that after delivery of claim to its city manager, the mayor and two members of the council had visited the *locus in quo* and discussed the claim, is competent as tending to show that they had been given notice.

**2. Same—Evidence that notice of claim addressed to city council was filed in office of manager and that councilmen had notice, held sufficient.**

Evidence that notice of claim against defendant municipality, sufficient in form and addressed to the city council, was filed in the office of the city manager, that subsequently at a meeting of the city council, consideration of the claim was denied because it had not been given the city council as required by the charter (sec. 2, ch. 171, Private Laws of 1931), and that subsequent to the filing of the notice the mayor and two city councilmen visited the *locus in quo* and discussed the claim, *is held* sufficient evidence to be submitted to the jury on the question of substantial compliance with the charter provisions requiring notice to be given the city council, and the granting of the city's motion to dismiss is error. *Nevins v. Lexington,* 212 N. C., 616, cited and distinguished.

**3. Same—**

The provisions of a city charter that notice of a claim against the city be given as a condition precedent to the right to maintain an action on the claim, is in derogation of the common law, and a substantial compliance is sufficient.

APPEAL by plaintiffs from *Sinclair, Emergency Judge,* at September Term, 1940, of GUILFORD.

This is an action to recover damage to the land of the plaintiffs alleged to have been caused by defendant emptying raw sewage into a stream which flows by said land, thereby depreciating the value thereof. The plaintiffs alleged, *inter alia,* that they had served the defendant with written notice of their claim and made demand in writing that same be paid, as by law required, and that the defendant had not paid the damage claimed and demanded. The defendant denied this allegation.

The court entered upon the trial of the plea in bar or the issue raised on the pleadings as to whether the plaintiffs had complied with the requirement of the charter of the city of High Point as a condition precedent to the maintenance of the action.

After counsel for the plaintiffs announced that they had offered all of the evidence they had as to notice to the City Council, the court allowed the motion of the defendant to dismiss the action, and signed judgment accordingly. To this judgment the plaintiffs preserved exception and appealed.

*Frazier & Frazier, J. Keith Harrison, and D. H. Parsons for plaintiffs, appellants.*
*G. H. Jones for defendant, appellee.*

SCHENCK, J. The sole question presented on this appeal is: Was there sufficient evidence to be submitted to the jury upon an issue as to whether the plaintiffs had substantially complied with the requirement of the charter of the city of High Point relative to giving notice to the City Council as a condition precedent to the institution of the action?

The pertinent portion of the charter of the city of High Point (sec. 2, ch. 171, Private Laws 1931) reads: "Section Six. No action against the city of High Point of any character whatsoever for damages to either person or property shall be instituted against the said city unless the complainant, his attorney or personal representative, shall have given notice to the City Council of the city of High Point of such injury, in writing, within six months after the occurrence of the cause of complaint, stating in such notice the date and place of happening or infliction of said injury, the manner of such infliction or character of injury and the amount of damage claimed therefor."

On 15 September, 1936, the plaintiffs delivered to E. M. Knox, city manager of the city of High Point, notice in the following words:

"NORTH CAROLINA             IN THE CITY OF HIGH POINT
  GUILFORD COUNTY             BEFORE THE COUNCIL.

"Edith H. Perry, Guardian for William S. 
Perry, Margaret C. Perry and John C. C. 
Perry, and Edith H. Perry,                    } NOTICE OF CLAIM
                    v.
             City of High Point.

"*To the Mayor and Council of the City of High Point:*
"The hereinabove named claimants hereby give notice to the City Council of the City of High Point of their claim for damages to the

property of the claimants located on Lexington Avenue in the City of High Point at the intersection of Lexington Avenue and Wiltshire Boulevard on the northwest corner, the home place of claimants, by reason and for and on account of the City of High Point emptying sewage and other offensive substances and odors on the said lands of claimants from 15th day of March, 1936, until the present, thereby causing damages to the aforesaid claimants and their said lands, as said claimants allege and demand payment therefor in the amount of $10,000.00.

"This the 15th day of September, 1936.

J. KEITH HARRISON
D. H. PARSONS
*Attorneys for Edith H. Perry,*
*Guardian for William S. Perry,*
*Margaret C. Perry and John C. C.*
*Perry; and Edith H. Perry."*

On a copy of such notice the said Knox made endorsement in the following words:

"This is a copy, the original of which was filed in the office of the City Manager on this the 15th day of September, 1936.

E. M. KNOX,
*City Manager of the City of High Point."*

The defendant admits in the record that the above notice was presented to the City Manager, but not the City Council.

The plaintiffs then offered to prove by the witness Henry D. Perry, father of the infant plaintiffs, that after the notice was delivered to Knox, the City Manager, at least two members of the City Council and the Mayor visited the land involved in this action and expressed the opinion that the claim was correct and that the trouble should be corrected. Defendant's objection to this evidence was sustained and exception preserved by plaintiffs. We are of the opinion, and so hold, this exception is well taken, since the evidence tended to show that the Mayor and two members of the City Council had been given notice of the claim.

The plaintiffs introduced excerpt from the minutes of a meeting of the City Council held on 16 September, 1936, reading as follows:

"Upon call of the roll, Mayor Grayson, Councilmen Briggs, Gurley, Lewis, Sechrest and Ward were present. . . . City Manager Knox stated that he understood that Sunset Dairies, Incorporated, Edith H. Perry and Edith H. Perry, Guardian, were claiming damages. Councilman Briggs stated that he understood no Notice of Claim for damages

had been served on or presented to the members of the City Council, as required by the City Charter; therefore, the Council refused to recognize or consider the said claims."

The notice filed with the City Manager and addressed "To the Mayor and Council of the City of High Point," was sufficient in form to meet the requirements of the statute, which leaves for decision only the question whether the delivery thereof to the City Manager, and the evidence that subsequently the City Manager at a meeting of the City Council stated that he understood the plaintiffs were claiming damage, and the Council refused to recognize or consider the claim for the reason that no notice of claim had been given the City Council as required by the charter, and the further evidence that subsequent to the delivery of the notice of claim to the City Manager the Mayor and two members of the City Council visited the *locus in quo* and expressed an opinion that the claim was just and the trouble should be corrected, was sufficient evidence to be submitted to the jury upon an issue addressed to the giving of the notice required by the municipal charter to the City Council. We are of the opinion, and so hold, that such evidence was so sufficient.

This Court has held that statutory provisions that written notice be given to City Councils or Boards of Aldermen of cities or towns as a condition precedent to the institution of certain actions against such cities and towns require only a substantial compliance, without the technical nicety necessary to pleadings, since the provisions are in derogation of the common law. *Graham v. Charlotte*, 186 N. C., 649; *Ivester v. Winston-Salem*, 215 N. C., 1.

"Such statutory requirements being for the benefit of the municipality in order to put its officers in possession of the facts upon which the claim for damages is predicated and the place where the injuries are alleged to have occurred, in order that they may investigate them and adjust the claim without the expense of litigation, a reasonable or substantial compliance with the terms of the statute is all that is required; and where an effort to comply with such requirements has been made and the notice, statement, or presentation when reasonably construed is such as to accomplish the object of the statute, it should be regarded as sufficient." 43 C. J., p. 1192, par. 1962.

"Where the board or committee is not in session at the time of service, it is sufficient to direct the notice to the council or other governing body, and then deliver it to the officer having the care and custody of the records and files of such body, within the time fixed by statute. *Kelly v. Minneapolis*, 77 Minn., 76, 79 N. W., 653." 43 C. J., note p. 1206.

"Delivery of notice in the City Clerk's office, to an assistant clerk, in the absence of the Clerk, is properly served. *McCabe v. Cambridge*, 134 Mass., 484; *Kelly v. Minneapolis*, 77 Minn., 76, 79 N. W., 653." 43 C. J., note p. 1207.

This case is distinguishable from *Nevins v. Lexington,* 212 N. C., 616, in that in the *Nevins case, supra,* the notice was directed to the city manager instead of the proper municipal authorities and there was no allegation that any notice to anyone other than the city manager was intended or attempted. Also the decision in the *Nevins case, supra,* was predicated upon C. S., 1330, which applies only to cases arising out of contract, *Shields v. Durham,* 118 N. C., 450; *Sheldon v. Asheville,* 119 N. C., 606, whereas this action involves an interpretation of the provision in the charter of the city of High Point (Private Laws 1931, *supra*), which applies to actions "of any character whatsoever for damages."

The judgment of the Superior Court is

Reversed.