JACOB ZAMEL, *ET UX.*, PLAINTIFFS-APPELLANTS, v. PORT OF NEW YORK AUTHORITY, DEFENDANT-RESPONDENT.

Argued March 3, 1970—Decided April 20, 1970.

(1)

Mr. *Barry H. Evenchick* argued the cause for the appellants (*Messrs. Riccardelli, Evenchick & Franconero,* attorneys).

Mr. *Francis A. Mulhern* argued the cause for the respondent (*Mr. Sidney Goldstein* of the New York bar, General Counsel to The Port of New York Authority, and *Mr. Herbert Ouida* of the New York bar, of counsel; *Mr. Hugh H. Welsh* of the New Jersey bar, on the brief).

PER CURIAM: The Law Division dismissed the plaintiffs' complaint on the ground that they had not strictly complied with the notice of claim requirement set forth in *N. J. S. A.* 32:1–163, 164. They duly appealed to the Appellate Division and we certified before argument there.

On January 15, 1968 the plaintiff Jacob Zamel suffered personal injuries when he fell on an icy parking lot at the Newark Airport which is operated by the defendant Port of New York Authority. He immediately reported the incident

to a police officer and was treated at the medical clinic located in Building No. 5 at the Airport. Several days later, on January 19, William E. McDonough, Representative of the Port Authority, sent a note to Mr. Zamel requesting that he call him about his "fall at Newark Airport." On May 16 an attorney addressed a letter to the Port Authority, attention of Mr. McDonough, advising that his office represented Mr. Zamel with reference to the injuries he sustained "in an accident which occurred on January 15, 1968, at about 9:30 A.M., Parking Lot No. 1, Aisle No. 15 located at Newark Airport, Newark, New Jersey"; the attorney advised further that the investigation conducted by his office indicated that Mr. Zamel "was caused to slip and fall and injure himself on the above premises as a result of the carelessness and negligence of your agents, servants and employees"; he concluded his letter with an inquiry as to what disposition the Port Authority intended "to make of this claim."

Under date of May 21, Mr. Gillespie, claims attorney for the Port Authority, wrote a letter to Mr. Zamel's attorney acknowledging his May 16 letter, enclosing copies of the statute granting consent to suit, calling his attention to sections 7 and 8 (*N. J. S. A.* 32:1–163, 164), and submitting forms with the comment that they could be used, if so desired, "[a]lthough no particular form is necessary so long as it satisfies the requirements of the statute. * * *" Mr. Zamel's attorney did not fill in or return the forms but under date of June 11, 1968 he did address a letter to the Port Authority, attention of Mr. McDonough, enclosing copies of medical and hospital reports including Dr. Lohman's report dated May 22, 1968, and requesting that upon their review communication be made to his office "for an amicable adjustment of the above claim."

The record is obscure as to what transpired immediately after the letter of June 11. However, on December 3, Mr. Zamel's attorney addressed a verified letter to the Port Authority, attention of Mr. McDonough, which in its initial

paragraph stated that, confirming a telephone conversation, it should be considered as a "Notice of Claim filed on behalf of our client Jacob Zamel." In the ensuing paragraph, the attorney set forth the following information which he said was required under the statue:

"Jacob Zamel
160 Grumman Avenue
Newark, New Jersey

As to the nature of injuries, see Dr. Herman Lohman's report dated May 22, 1968 attached hereto which sets forth that on January 15, 1968 the plaintiff, Jacob Zamel, fell on ice at the Newark Airport sustaining the injuries complained of herein."

Under date of December 4, the attorney forwarded a copy of the December 3 letter to Mr. McDonough, by registered mail.

On January 7, 1969, the plaintiff Jacob Zamel, along with his wife who merely asserted a *per quod* claim (*Ekalo v. Constructive Serv. Corp. of America*, 46 *N. J.* 82 (1965)), filed his negligence complaint in the Law Division seeking damages from the Port Authority. An answer filed by the Port Authority set forth, as a first separate defense, that the plaintiffs had not filed their notice of claim in compliance with *N. J. S. A.* 32:1–163, 164. The plaintiffs, through their present counsel (other than the attorney who had engaged in the correspondence with the Port Authority), filed a motion to strike the first separate defense. The Port Authority countered with a motion to dismiss the complaint because the plaintiffs had not complied with the notice of claim requirement. After hearing argument, the Law Division denied the plaintiffs' motion and granted the defendant's motion to dismiss.

The pertinent statutory provisions (*N. J. S. A.* 32:1–163, 164) embody two independent time stipulations. One is somewhat comparable to the customary statute of limitations; it provides that the Authority's consent to suit is conditioned on action being commenced within one year from the accrual of the cause of action. Here the plaintiffs' com-

plaint was admittedly filed within the one-year period; accordingly, we are not concerned with that limitation or with the cases cited by the Authority which have dealt with it. *See Trippe v. Port of New York Authority*, 14 *N. Y.* 2d 119, 249 *N. Y. S.* 2d 409, 198 *N. E.* 2d 585 (Ct. App. 1964); *Rao v. Port of New York Authority*, 122 *F. Supp.* 595 (E. D. N. Y. 1954), aff'd, 222 *F.* 2d 362 (Cir. 1955). The other time stipulation relates to the submission of a verified notice of claim at least sixty days before the filing of the complaint. It is this stipulation which was not strictly complied with and this noncompliance was the basis for the dismissal below. Apparently the only reported case in either New York or New Jersey dealing specifically with the notice of claim stipulation is *Atlantic Aviation Corp. v. Port of New York Authority*, 66 *N. J. Super.* 15 (Law Div. 1961).

In *Atlantic Aviation* the plaintiff's plane was damaged at Newark Airport, allegedly through the negligence of the Port Authority. There was correspondence with the Authority in which the plaintiff asserted its claim but it did not file a verified notice of claim in compliance with *N. J. S. A.* 32:1–163, 164. Because of this, the Authority moved to dismiss the plaintiff's complaint but the motion was denied in an opinion which stressed that the statutory requirement was simply designed to afford to the Authority adequate time for investigation and reasonable opportunity for the preparation of its defense; to these might be added reasonable opportunity to effect a settlement before the institution of suit. The court held that, so long as the aforementioned goals were fully met, "substantial compliance" by the plaintiff with the statutory requirement would suffice. 66 *N. J. Super.*, at 20. This general doctrine of substantial compliance finds repeated recognition in our own cases (*McCarty v. Boulevard Comm'rs of Hudson Co.*, 91 *N. J. L.* 137, 142 (*Sup. Ct.* 1918), aff'd 92 *N. J. L.* 519 (*E. & A.* 1918); *Travis v. Highlands*, 136 *N. J. L.* 199, 202 (*Sup. Ct.* 1947)) as well as in cases elsewhere. *See Ray v. City of Birmingham*,

275 *Ala.* 332, 154 *So.* 2d 751, 752–753 (1963); *Burmek v. Miller Brewing Co.,* 2 *Wis.* 2d 330, 86 *N. W.* 2d 629, 630–631 (1958); *Brickell v. Kansas City, Mo.,* 364 *Mo.* 679, 265 *S. W.* 2d 342, 344–345 (1954); *Perry v. City of High Point,* 218 *N. C.* 714, 12 *S. E.* 2d 275, 278 (1940); *cf. Giovanniello v. City of New York,* 163 *Misc.* 868, 296 *N. Y. S.* 886, 888 (Sup. Ct. 1936); *Knight v. City of New York,* 249 *App. Div.* 635, 291 *N. Y. S.* 291, 292 (1936).

The Authority contends that the doctrine of substantial compliance should be viewed as inapplicable here since the notice of claim requirement was set forth as a condition in the legislative consent to the maintenance of suit against the Port Authority. *N. J. S. A.* 32:1–157 *et seq.* We fail to see why this should be so. Our cases have construed formal statutory consents to suit in liberal fashion (*Taylor v. N. J. Highway Authority,* 22 *N. J.* 454 (1956)) and indeed have recently pointed towards the early termination of their need. *P, T & L Const. Co. v. Comm'r, Dept. of Transp.,* 55 *N. J.* 341 (1970); *Willis v. Dept. of Cons. and Eco. Dev.,* 55 *N. J.* 534 (1970). In any event, the matter before us is simply one of legislative understanding and contemplation; we find nothing whatever in the pertinent statutory history or terminology to indicate that our Legislature ever meant to exclude the highly just doctrine of substantial compliance which is so well designed to avoid technical defeats of valid claims. *Cf. City of Birmingham v. Hornsby,* 242 *Ala.* 403, 6 *So.* 2d 884 (1942):

> Our authorities are uniform to the effect that technical accuracy is not required. Substantial compliance suffices. There was no intention on the part of the law makers that such a statute should be used as a stumbling block or pit fall to prevent recovery by meritorious claimants.

6 *So.* 2d at 885.

The record clearly indicates that the Port Authority was not prejudiced by the failure of the plaintiffs to comply strictly with the notice of claim requirement and that there

was in fact essential fulfillment of its goals and substantial compliance with its terms. *N. J. S. A.* 32:1–164 states that the notice of claim shall set forth (1) the name and post-office address of each claimant and his attorney, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained. The Authority had substantially all of this information well in advance of the sixty-day period prior to the filing of the complaint. It had adequate time for investigation, reasonable opportunity for the preparation of its defense, and reasonable opportunity to effect a settlement before the institution of suit. While there apparently was no verification until the letter of December 3, the delay in this regard was not really significant and caused no harm. All in all, we are satisfied that the plaintiffs are justly entitled to be heard on the merits of their claim and the Law Division's judgment of dismissal is therefore:

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and HANEMAN—6.

*For affirmance*—None.