934 A.2d 665

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
PLAINTIFF–APPELLANT v. AIRPORT AUTO SERVICES,
INC., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 23, 2007—Decided November 1, 2007.

Before Judges COBURN, GRALL and CHAMBERS.

*George P. Cook,* argued the cause for appellant (*Donald F. Burke,* attorney, *Mr. Cook,* on the brief).

*Jeffrey T. Kampf,* argued the cause for respondent (*Jay and Kampf,* attorneys; *Mr. Kampf,* on the brief).

The opinion of the court was delivered by

COBURN, P.J.A.D.

Plaintiff, The Port Authority of New York and New Jersey (the "Authority") sued defendant, Airport Auto Services, Inc., for $63,843.20, alleged to be rent due under the parties' lease. Without filing a notice of claim, Airport counterclaimed for $114,120 in damages, alleging multiple breaches of the lease by the Authority. In its answer to the counterclaim, the Authority asserted that the court did not have jurisdiction over the counterclaim because of Airport's failure to file a notice of claim. During oral argument of this appeal, Airport conceded that it understood from the beginning of the trial that the Authority was continuing to press its

jurisdictional argument. At the conclusion of the trial, the judge rejected the Authority's jurisdictional argument.

On the factual disputes, the judge found that the Authority's damages were $51,475.47 and Airport's damages were $92,065, entitling Airport to a judgment for the difference. The Authority appealed. We reverse the judgment because we are satisfied that the court lacked jurisdiction to award affirmative relief on the counterclaim.

In light of our ruling, the material facts may be briefly summarized. The parties entered into a long term lease in 1983, which became a month-to-month tenancy under the lease terms after August 1988. Airport was required to pay rent and was authorized under the lease to operate an automobile service station at Newark Liberty International Airport. Airport's responsibilities included providing gas and diesel fuel and emergency towing and repair services to the Authority Police Department and to the operators of the airport parking lots. Airport billed the Authority monthly, and the amount billed was to be credited against the rent due. As noted above, the Authority sued for rent due and Airport filed its counterclaim without first filing a notice of claim.

Under the doctrine of sovereign immunity, suits against the Authority may not be maintained without the concurring consent of New York and New Jersey. *N.J.S.A.* 32:1–157. Conditional consent has been given for suits, such as the breach of contract claim made by Airport. The conditions appear in *N.J.S.A.* 32:1–163 (emphasis added), which provides, in pertinent part, as follows:

> The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act [footnote omitted] shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, *a notice of claim shall have been served upon the Port Authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced.*

The form and content of the required notice of claim appears in another section, which reads, in pertinent part, as follows:

The notice of claim ... shall be in writing, sworn to by or on behalf of the claimant ... and shall set forth (1) the name and post-office address of each claimant and of his attorney, if any, *(2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose,* and *(4) the items of damages* or injuries *claimed to have been sustained as far as then practicable.* [*N.J.S.A.* 32:1–164 (emphasis added).]

The questions we are asked to resolve are whether the sixty-day notice requirement applies to counterclaims, and if so, whether the bills submitted by Airport substantially complied with *N.J.S.A.* 32:1–164.

Although our courts have not addressed the first question, it has been answered in New York. In *Port Authority of New York and New Jersey v. Barry,* 15 *Misc.*3d 36, 833 *N.Y.S.*2d 839 (N.Y.Sup.App.Term 2007), the court affirmed dismissal of defendant's counterclaim because he failed to serve the required notice of claim. *Id.* at 840. The court so ruled because it was satisfied that the notice requirement is jurisdictional and that "[f]ailure to comply with the notice of claim requirement withdraws the consent to suit, and thus, deprives the court of subject matter jurisdiction." *Ibid.* (citation omitted).

In *Borough of Moonachie v. Port Authority of New York,* 38 *N.J.* 414, 425, 185 *A.*2d 207 (1962), our Supreme Court observed that in cases involving the Authority "it is eminently desirable, of course, that the path of judicial decisions in the courts of the two States be a common one." And the Court added that when a New York case is "in point" it should be regarded "as a highly influential precedent." *Ibid.*

*Barry* is precisely in point. Furthermore, its requirement of a notice of claim for a counterclaim accords with our Supreme Court's treatment of counterclaims pursued under the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 to 59:9–7. *Russo Farms Inc. v. Vineland Bd. of Educ.,* 144 *N.J.* 84, 107, 675 *A.*2d 1077 (1996) (citation omitted). Since the underlying policies of the notice requirements in the Tort Claims Act and the New Jersey Contractual Liability Act, *N.J.S.A.* 59:13–1 to –10, are essentially the same, *Hous. Auth. of Newark v. Sagner,* 142 *N.J.Super.* 332, 343,

361 *A*.2d 565 (App.Div.1976), it would appear that our courts would also require a notice of claim before a contract counterclaim could be filed.

■ Therefore, we are satisfied that the notice of claim requirement applied to Airport's counterclaim. We now turn to the second question, whether its bills submitted to the Authority in the ordinary course constituted substantial compliance with *N.J.S.A.* 32:1–164.

In *Zamel v. Port of New York Authority,* 56 *N.J.* 1, 6–7, 264 *A*.2d 201 (1970), the Court held that if a plaintiff's notice of claim substantially complied with the requirements of *N.J.S.A.* 32:1–164, the complaint should not be dismissed for lack of notice. Zamel was hurt when he slipped on ice at Newark airport. *Id.* at 2, 264 *A*.2d 201. He immediately reported the incident to a police officer and received treatment at a medical clinic at the airport. *Id.* at 2–3, 264 *A*.2d 201. Substantially more than sixty days before filing a complaint, Zamel's attorney wrote letters to defendant, identifying the date, time, location and cause of the accident, and asserting that his client's injuries were due to defendant's negligence. *Id.* at 3, 264 *A*.2d 201. Defendant responded in writing, and Zamel's attorney provided further particulars, including medical and hospital reports, and asked defendant to consider settlement. *Ibid.* However, Zamel's attorney did not provide defendant with a "sworn" statement of the claim until a month before suit was filed. *Id.* at 4–5, 264 *A*.2d 201.

In those circumstances, the Court rejected the Authority's reliance on the untimely filing of the sworn statement because defendant had substantially all the information "well in advance of the sixty-day period prior to the filing of the complaint," and sufficient time "for investigation, reasonable opportunity for the preparation of its defense, and reasonable opportunity to effect a settlement before institution of suit." *Id.* at 7, 264 *A*.2d 201.

■ *Zamel* does not provide any support for Airport's argument because Airport never made any claim before filing its counter-

claim. All it did was submit invoices in the regular course of its business with the Authority. In a California action for services provided to a public entity, the court held that a

> party seeking to sue a public entity for an unpaid invoice or bill must communicate, in essence, that a cause of action has accrued because of the nonpayment, and that the failure to resolve the claim may result in litigation.
>
> [*Alliance Fin. v. City & County of San Francisco*, 64 *Cal.App.*4th 635, 75 *Cal.Rptr.*2d 341, 347 (1998).]

We agree with that holding because without notice that a party intends to sue on an invoice, the public entity has no reason to investigate, prepare a defense, or consider effecting a settlement, all rights to which it is entitled under *Zamel.* Since Airport never complied with the applicable notice provisions, the trial court lacked jurisdiction over the counterclaim. Therefore, the judgment in favor of Airport is reversed.[1]

---

[1] The Authority has not sought any other relief on this appeal. Consequently, we need not consider whether the case should be remanded for entry of a judgment on the complaint.

