(May 28, 2013)

■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. MARY ANDRUCKI et al., Respondents, v ALUMINUM COMPANY OF AMERICA et al., Defendants, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [966 NYS2d 393]—

Judgment, Supreme Court, New York County (Martin Shulman, J.), entered January 30, 2012, awarding plaintiffs damages, unanimously reversed, on the law, without costs, the judgment vacated, plaintiffs' motion for a default judgment against defendant Port Authority of New York and New Jersey denied, and defendant's motion to dismiss the complaint for lack of subject matter jurisdiction granted. The Clerk is directed to enter judgment accordingly. In 1971 and 1972, plaintiffs' decedent, a sheet metal worker, worked on the construction of defendant Port Authority's World Trade Center, where he believed he was exposed to asbestos and inhaled fibers. He was diagnosed with malignant mesothelioma in or about April 2010. On October 4, 2010, he and his wife filed a notice of claim against defendant for the injuries he sustained, and on November 12, 2010, they served the complaint. On November 27, 2010, decedent died. Although plaintiffs' counsel should have been aware of the time requirements in the applicable statute, the service of the complaint was premature, resulting in a lack of subject matter jurisdiction over the Port Authority (*see* McKinney's Uncons Laws of NY § 7107 [requiring service of a notice of claim at least 60 days before commencement of the action]; *see e.g. Lyons v Port Auth. of N.Y. & N.J.*, 228 AD2d

250 [1st Dept 1996]; *Ofulue v Port Auth. of N.Y. & N.J.*, 307 AD2d 258 [2d Dept 2003]; *see also Campbell v City of New York*, 4 NY3d 200, 204 [2005]). By concurrent legislation of the States of New York and New Jersey (Uncons Laws § 7101 *et seq.*; NJ Stat Ann 32:1-157 *et seq.*), the Port Authority gave its consent to suit in actions or proceedings accruing after June 13, 1951 upon compliance with certain jurisdictional conditions precedent. The Port Authority grants such consent "upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced" (Uncons Laws § 7107). We are, of course, required to apply New York law. However, we note that New Jersey courts have held "substantial compliance" with the notice requirements to be sufficient for instituting an action against the Port Authority. Thus, although both states' statutes are the same (Uncons Laws 7101 *et seq.*; NJ Stat Ann 32:1-157 *et seq.*), New Jersey courts have liberally construed the notice requirement (*see e.g. Zamel v Port of N.Y. Auth.*, 56 NJ 1, 264 A2d 201 [1970] [finding substantial compliance based on the plaintiff's immediate reporting of the accident together with the parties' subsequent correspondence]; *Atlantic Aviation Corp. v Port of N.Y. Auth.*, 66 NJ Super 15, 168 A2d 262 [1961] [finding substantial compliance where the Port Authority acknowledged the plaintiff's claim]; *cf. Santiago v New York & N.J. Port Auth.*, 429 NJ Super 150, 57 A3d 54 [2012]; *Port Auth. of N.Y. & N.J. v Airport Auto Servs., Inc.*, 396 NJ Super 427, 934 A2d 665 [2007] [finding that the invoices the counterclaimant submitted to the Port Authority did not constitute substantial compliance]). In New York, by contrast, compliance with the notice requirement is "mandatory" and "must be strictly construed" (*Lyons*, 228 AD2d at 251). Plaintiffs argue that despite their initial failure to obtain subject matter jurisdiction over defendant, they nonetheless obtained subject matter jurisdiction through service of the amended complaint after the decedent's death. This argument is unavailing. The initial notice of claim specifically stated that it was for personal injury arising from the asbestos exposure and not for the decedent's death, which had yet to occur. As plaintiffs correctly note, courts in this state have held, in considering notices of claim under General Municipal Law § 50-e, that notice of injury placed a municipality on notice of a

plaintiff's subsequent death from that same injury (*see e.g. Mingone v State of New York*, 100 AD2d 897, 898 [2d Dept 1984]). However, these cases have no application to the Port Authority's suability statute. General Municipal Law § 50-e contains a "substantial compliance" provision, permitting courts to consider whether a plaintiff has substantially complied with the statute's terms; the Port Authority's suability statute, on the other hand, contains no substantial compliance provision (Uncons Laws §§ 7107, 7108; *Port Auth. of N.Y. & N.J. v Barry*, 15 Misc 3d 36, 38 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Under these circumstances, plaintiffs should have served on the Port Authority a new notice of claim concerning the wrongful death and survivorship actions. We further note that a limited exception to the notice provisions applies: "[W]here a person entitled to make a claim dies and by reason of his death no notice of claim is filed or suit, action or proceeding commenced within the time specified in section seven hereof then any court in which such suit, action or proceeding may be brought may in its discretion grant leave to serve the notice of claim and to commence the suit, action or proceeding within a reasonable time but in any event within three years after the cause of action accrued. Application for such leave must be made upon an affidavit showing the particular facts which caused the delay and shall be accompanied by a copy of the proposed notice of claim if such notice has not been served, and such application shall be made only upon notice to the port authority" (Uncons Laws § 7108). Accordingly, because plaintiffs' cause of action accrued in November 2010, plaintiffs may, as of the date of this decision, still move for leave to serve a new notice of claim and commence a new suit against the Port Authority. Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.