**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3153
_____

RONALD ROWELL; JOANN ROWELL,
                                             Appellants

v.

JEFFREY A. STECKER; HONEY LOCUST FARMS LLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-14-cv-04466)
District Judge:  Honorable Katharine S. Hayden

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2017

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, Circuit Judges.

(Filed: June 29, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

The plaintiffs appeal the District Court's order granting the defendants' motion for summary judgment. For the reasons that follow, we will affirm.

I.

On February 17, 2011, plaintiff Ronald Rowell[1] was injured when his tractor trailer, parked in a commercial warehouse located in New Jersey, was struck by another vehicle. The vehicle was owned by defendant Honey Locust Farms LLC ("Honey Locust") and driven by defendant Jeffrey Stecker. Following the collision, Rowell claims that Stecker left without providing Rowell any identifying information; Stecker maintains that Rowell told him not to worry about Rowell or his truck. Rowell prepared an accident report for his employer, Hartt Transportation, Inc. ("Hartt"). Rowell also made an entry in his daily log identifying Stecker's vehicle's owner and truck number.[2] Neither Rowell nor Stecker contacted the police about the collision.

On April 5, 2012, the plaintiffs filed suit against parties other than the defendants here alleging that they were responsible for the collision. See Rowell v. The Hain Celestial Grp., Inc., Civ. A. No. 2:12-cv-02294 (D.N.J.) (dismissed Oct. 3, 2014) ("Rowell I"). Through discovery, the plaintiffs came to believe that another individual, Claudemir Silva, was driving the vehicle that collided with Rowell's. Eight months after

---

[1] Also named as plaintiff is Joann Rowell, Ronald Rowell's wife.

[2] After the collision, Hartt used the information provided to it by Rowell to contact Honey Locust and seek payment for repairs to the damaged vehicle.

commencing the lawsuit, the plaintiffs filed an amended complaint naming Silva as a defendant.

The Rowell I defendants maintained their innocence throughout the litigation. Around April 2014, Silva sought and obtained a copy of the Hartt accident report, which had at that point remained unexamined by the plaintiffs. From the report, and after a simple internet search, Silva was able to locate and identify Honey Locust. Honey Locust cooperated with Silva's ensuing subpoena and produced a copy of its own accident report filed by Stecker on the day of the collision. This report confirmed that Stecker was responsible for the collision.

The plaintiffs voluntarily dismissed the claims in Rowell I and on July 15, 2014 — well after the statute of limitations on their claims had expired — filed the present lawsuit against Stecker and Honey Locust. After a motion to dismiss was denied, the defendants moved for summary judgment arguing that the plaintiffs' claims were time-barred. On June 30, 2016, the District Court granted the motion and dismissed the case. The plaintiffs timely appealed.

## II.[3]

Rowell acknowledges that his suit was filed after the statute of limitations had expired but argues that he is entitled to equitable and statutory tolling. He also argues

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over orders granting summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

that the District Court should have found that his new claims "related back" to the initial suit for purposes of determining timeliness. All of these arguments are without merit.

A.

Under New Jersey law,[4] the limitations period for a claim may be equitably tolled where the plaintiff: 1) has been "induced or tricked by his adversary's misconduct" into allowing the deadline to pass; 2) has been prevented from filing suit "in some extraordinary way"; or 3) has "timely asserted his rights mistakenly by either defective pleading or in the wrong forum."[5] Freeman v. State, 788 A.2d 867, 879-80 (N.J. Super. Ct. App. Div. 2002) (citations omitted). Absent "intentional inducement or trickery by a defendant," however, "the doctrine of equitable tolling should be applied sparingly." Id. at 880. Moreover, equitable tolling "requires the exercise of reasonable insight and diligence by a person seeking its protection." Binder v. Price Waterhouse & Co., L.L.P., 923 A.2d 293, 299 (N.J. Super. Ct. App. Div. 2007) (quotation omitted). "[A]ttorney

---

[4] State law governs the application and tolling of statutes of limitations in diversity cases. See Jaworowski v. Ciasulli, 490 F.3d 331, 333-34 (3d Cir. 2007). There is no dispute that New Jersey law applies in this case.

[5] The plaintiffs also argue that they are entitled to tolling under the doctrine of substantial compliance, which requires a showing of, inter alia, a lack of prejudice to the defendants and a reasonable explanation for the plaintiffs' noncompliance with the time limit. Negron v. Llarena, 716 A.2d 1158, 1162-63 (N.J. 1998). Courts will employ this doctrine to "avoid technical defeats of valid claims," Zamel v. Port of N.Y. Auth., 264 A.2d 201, 203 (N.J. 1970), but "not every non-complying technical act is salvageable" by tolling. Galik v. Clara Maass Med. Ctr., 771 A.2d 1141, 1149 (N.J. 2001). We conclude that the plaintiffs fail to show that they have substantially complied with the statute of limitations for the same reasons why they fail to demonstrate that they exercised reasonable diligence in identifying the defendants, described more infra. See Binder v. Price Waterhouse & Co., L.L.P., 923 A.2d 293, 298 (N.J. Super. Ct. App. Div. 2007) (equating the substantial compliance and equitable tolling doctrines).

error, miscalculation, inadequate research or other mistakes" do not constitute the extraordinary circumstances necessary to toll the time limit for a claim. Id.

The plaintiffs fail to demonstrate that they were reasonably diligent. Litigating claims against the wrong parties does not constitute diligence when the true defendants were identifiable all along. Rowell identified Honey Locust in his accident report and driver's log, documents which were readily available to Rowell and his attorney. Indeed, both Rowell's employer and Silva pinpointed Honey Locust with ease. Although the plaintiffs protest that incomplete warehouse records and similarities between Stecker's and Silva's trailers explain their mistaken suit, Silva and the other Rowell I defendants consistently maintained their innocence, which should have signaled to the plaintiffs to keep looking.

There is also no evidence that the defendants are to blame for the plaintiffs' untimely filing. Even if Stecker hurried away after the accident as Rowell claims, Rowell had enough information to identify him. This fact remains even assuming, arguendo, that Rowell is correct that the defendants failed to report the collision pursuant to state law and federal regulation.[6]

Ultimately, "an attorney's inattention to a file, or even ignorance of the law, [does not equate to] extraordinary circumstances" for purposes of tolling tort-claim time limits.

---

[6] The District Court did not decide whether the defendants violated any law by failing to report the collision. Rather, it determined that the issue was immaterial because even if true it did not show that the defendants actively concealed their identity. We agree. Thus, we need not address that issue nor the defendants' contention that the plaintiffs' argument is barred because of Rowell's "unclean hands" — that is, his own failure to abide by reporting laws.

5

D.D. v. Univ. of Med. & Dentistry of N.J., 61 A.3d 906, 921 (N.J. 2013).  Given the lack of evidence of the defendants' obfuscation, the plaintiffs' reasonable diligence, or a satisfactory explanation for why the plaintiffs were prevented from bringing suit, equitable tolling is inappropriate.

B.

The plaintiffs also argue that tolling is appropriate under N.J. Stat. Ann. § 2A:14-22(a).  This statute tolls the limitations period where the defendant is not a New Jersey resident when, or leaves the state after, the cause of action accrues and "after diligent inquiry and effort, long-arm service cannot be effectuated."  Id.  For the reasons stated above, we conclude that the plaintiffs did not conduct "diligent inquiry and effort" to effectuate service on the defendants, and that therefore the statute is inapposite.

We also reject the plaintiffs' argument that the District Court should have allowed the new complaint to "relate back" to that filed, and dismissed, in Rowell I.  In certain circumstances a plaintiff can amend a complaint to add a new defendant notwithstanding the expiration of the statute of limitations.  See Notte v. Merchs. Mut. Ins. Co., 888 A.2d 464, 466, 468-69 (N.J. 2006) (discussing N.J. Ct. R. 4:9-3 and the relation-back doctrine).[7]  The plaintiffs cite no legal authority and we have found none for their claim that their complaint can or should be construed to relate back to pleadings filed against different parties in a different lawsuit.  Cf. Bailey v. N. Ind. Pub. Serv. Co., 910 F.2d 406,

---

[7] We apply New Jersey's relation-back rule because that state's law provides the applicable statute of limitations.  See Fed. R. Civ. P. 15(c)(1)(A) (allowing an amendment to relate back to the original complaint when "the law that provides the applicable statute of limitations allows relation back").

413 (7th Cir. 1990) ("Rule 15(c) [the federal relation-back rule], by its terms, only applies to amended pleadings in the same action as the original, timely pleading."). Accordingly, the relation back doctrine cannot circumvent the time limit on the plaintiffs' claims.

## III.

For the reasons set forth above, we will affirm the judgment of the District Court.