Ronald Alva Mullins was convicted of sexual abuse in the first degree and was sentenced to 10 years' imprisonment in December 1985. We affirmed his conviction without opinion.Mullins v. State, 497 So.2d 859 (Ala.Cr.App. 1986). A Rule 20, A.R.Cr.P.Temp., petition was filed in May 1988. The state moved to dismiss this petition on the grounds that petitioner was precluded by Rule 20.2 from raising issues which either were raised on appeal or could lawfully have been raised but were not raised on appeal. The court dismissed the first Rule 20 petition filed by Mullins on May 20, 1988. On March 30, 1989, he filed his second Rule 20 petition. The contentions presented by Mullins's second Rule 20 petition are here set out:
 1. The actions of the trial judge deprived Petitioner of his right to confrontation, cross-examination and compulsory process under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Alabama Constitution of 1901.
 2. The actions of the trial judge deprived petitioner of his right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901.
 3. Petitioner's conviction upon insufficient evidence is in violation of his right to due process of law under the Fourteenth Amendment of the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901.
 4. Petitioner's conviction is in violation of his right to be informed of the nature and cause of the accusation against him under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901.
 5. Petitioner's conviction is in violation of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901, due to his counsel's failure to pursue argument pertaining to the allegedly faulty indictment.
The grounds set out by the petitioner in paragraphs 1, 2, 3, and 4 are all grounds which could have been raised on direct appeal. Petitioner is precluded from raising them in this second Rule 20 petition by application of Rule 20.2(a), A.R.Cr.P.Temp. As to the grounds presented in paragraph 5, ineffective assistance, petitioner is precluded from presenting that issue in this petition at this time because the petition before this court is a successive petition. He has demonstrated no reason why he did not secure consideration of this ground in his first Rule 20 petition.
Rule 20.2(b), A.R.Cr.P.Temp., states as follows:
 "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
As the Honorable Rosa Hamlett Davis, assistant attorney general, points out in an excellent brief, Harris v. Reed, ___ U.S. ___, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), requires that we clearly and expressly state when a case is affirmed because of a procedural bar. There, the United States Supreme Court stated: *Page 1158 
 "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case ' "clearly and expressly" ' states that its judgment rests on a state procedural bar."
Harris, 109 S.Ct. at 1043, citing Caldwell v. Mississippi,472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985), quoting Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469,77 L.Ed.2d 1201 (1983).
Accordingly, we here state that this case is affirmed because of procedural bars.
AFFIRMED ON PROCEDURAL GROUNDS.
All the Judges concur.