In February 1987, Albert Baker, Jr., was convicted of capital murder in Pike County. He was sentenced to life imprisonment without parole. In September 1992, he filed a petition under Rule 32, Ala.R.Cr.P. This petition was amended by written request on two occasions, and it was orally amended on the day of the evidentiary hearing. The petition raised six issues. Five of the six issues were denied on preclusion grounds, but the trial judge considered evidence regarding the sixth issue, a claim of ineffective assistance of counsel. The trial judge ruled that the allegations were unsupported and denied Baker relief on his sixth claim. On April 6, 1994, the trial court denied Baker's petition, by written order. The Court of Criminal Appeals affirmed by an unpublished memorandum.Baker v. State, 668 So.2d 926 (Ala.Crim.App. 1994).
The State applied for a rehearing, arguing that the Court of Criminal Appeals had failed to clearly and expressly state that all the Rule 32 issues were procedurally barred and that this failure directly conflicted with that court's opinion inMullins v. State, 555 So.2d 1156 (Ala.Crim.App. 1989). The Court of Criminal Appeals denied the application for rehearing. On May 5, 1995, we granted the State's petition for certiorari review.
The State correctly points out that Mullins, which was written in light of Harris v. Reed, 489 U.S. 255,109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), held:
 "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a procedural bar."
Mullins, 555 So.2d at 1158, quoting Reed. This Court has also followed Reed. See Ex parte Hagan, 557 So.2d 21 (Ala. 1990), and other cases appearing on table published at 557 So.2d 21-22.
The trial court plainly stated that five of Baker's six Rule 32 claims were precluded. However, neither the trial court nor the Court of Criminal Appeals held that the two-year limitations provision of Rule 32.2(c), Ala.R.Cr.P., provided a procedural bar as to the claim alleging ineffective assistance of counsel.
Rule 32.2(c) states that a claim for relief under Rule 32.1(a) or (f) shall not be considered unless it was filed within the following time limitations:
 "(1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after time for filing an appeal lapses."
Baker's claim of ineffective assistance of counsel states a claim for relief under Rule 32.1(a), Ala.R.Cr.P. Therefore, the trial court should have held that claim to be procedurally barred.
AFFIRMED.
MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur. *Page 52