WATERMAN, Justice (dissenting).
I respectfully dissent and would affirm the decision of the court of appeals and judgment of the district court that correctly dismissed Brian Allison's untimely second petition for postconviction relief (PCR) challenging his convictions for sexually abusing his young stepdaughter. This case presents a question of statutory interpretation of Iowa Code section 822.3 (2015)-whether ineffective assistance of PCR counsel falls within an exception to the three-year statute of limitations. We correctly answered "no" to that question over two decades ago in Dible v. State , 557 N.W.2d 881, 886 (Iowa 1996) (en banc) (holding "ineffective assistance of postconviction relief counsel is not a 'ground of fact' within the meaning of section 822.3"), abrogated in part on other grounds by Harrington v. State , 659 N.W.2d 509, 521 (Iowa 2003). The legislature never amended section 822.3 in response to Dible . Neither Allison nor the majority explain how intervening events since 1996 show Dible was wrongly decided. I would affirm based on the text of the PCR statute, the venerable doctrine of stare decisis, legislative acquiescence, and sound policy considerations.
I. The Text of the PCR Statute Is Clear.
Iowa Code chapter 822 governs PCR actions. Section 822.3 sets forth the three-year time-bar and states in part,
*894 All other applications [i.e., those not filed under section 822.2(1)(f ) ] must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.
Iowa Code § 822.3. Section 822.3 must be read together with section 822.8, which covers ineffective assistance of PCR counsel and states,
All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.
Id. § 822.8.
Section 822.3 and section 822.8 are separate limits on the filing of PCR applications. Thus, all grounds for relief must be presented in the first application, unless "for sufficient reason [the ground] was not asserted or was inadequately raised" in the first application. See id. But, in any event, all applications must be filed within three years, including second, third, and further applications, unless the ground is one that could not have been raised earlier. See id. § 822.3.
In other words, the excuse of "inadequately raised" allows the defendant to file a second or subsequent application, see id. § 822.8, but it is not a basis for relief from the three-year bar. Id. § 822.3. This is the only plausible way to read the two sections. The legislature has specifically provided that defendants whose prior PCR counsel inadequately raised an issue may have another bite at the apple, but that bite is subject to the three-year time-bar.
This statutory text controls the outcome here-Allison claims his first PCR counsel inadequately raised his challenge to a possibly biased juror, so he should get another chance to raise the issue. But he did so too late because his second PCR action was filed more than three years after his conviction became final. The majority fails to confront this insurmountable textual bar to its result.
Allison never argued that he avoids the statute of limitations because his claims in this action "relate back" to his previously adjudicated and dismissed PCR action. The majority errs by relying on the relation-back doctrine. We have never held that an amendment related back to a pleading in a prior action. An amendment to a pleading can only relate back to the original pleading in the same action . See Iowa R. Civ. P. 1.402(5) ; Jacobson v. Union Story Tr. & Sav. Bank , 338 N.W.2d 161, 164 (Iowa 1983) ("Rule 89 [now rule 1.402 ] does provide authority for an amendment to a suit to relate back in time to the filing of the original suit."); Butler v. Woodbury County , 547 N.W.2d 17, 19 (Iowa Ct. App. 1996) (permitting relation back in "a pending lawsuit").
Federal courts interpreting the almost identically worded relation-back language in Federal Rule of Civil Procedure 15(c) uniformly reject the argument that an amendment relates back to a pleading in a prior action. See Rowell v. Stecker , 698 F. App'x 693, 697 (3d Cir. 2017) ("The plaintiffs cite no legal authority and we have *895 found none for their claim that their complaint can or should be construed to relate back to pleadings filed against different parties in a different lawsuit. Accordingly, the relation back doctrine cannot circumvent the time limit on the plaintiffs' claims." (Citation omitted.) ); Barnes v. United States , 776 F.3d 1134, 1143 (10th Cir. 2015) (noting the relation-back doctrine "applies to an amendment to a pleading in the same action" and therefore rejecting plaintiffs' claim that the second lawsuit was not time-barred because it related back to plaintiffs' first lawsuit); Velez-Diaz v. United States , 507 F.3d 717, 719 (1st Cir. 2007) (" Rule 15(c), by its terms, applies to amended pleadings in the same action as an original, timely pleading: the pleading sought to be amended may not be a pleading filed in a different case."); Bailey v. N. Ind. Pub. Serv. Co. , 910 F.2d 406, 413 (7th Cir. 1990) (" Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading."), superseded by statute as recognized by Rush v. McDonald's Corp. , 966 F.2d 1104, 1119-20, 1119 n.55 (7th Cir. 1992). It makes a mockery of the statute of limitations to allow an untimely pleading in a new action to relate back to a prior action. Again, the text of the governing statutes establish that Allison's action is time-barred.
II. The Majority's Constitutional Concerns Are Overblown.
Disregarding the statutory language, the majority instead travels on what it aptly describes as a "winding" road. Page after page, the majority introduces us to the ins and outs of various United States Supreme Court opinions, although they are primarily dissenting opinions. None of these are on point because we have squarely, and repeatedly, held there is no constitutional right, only a statutory right, to counsel in PCR actions. See Lado v. State , 804 N.W.2d 248, 250 (Iowa 2011) ("Lado, however, has a statutory, not constitutional right to effective assistance of counsel on postconviction relief."). "[N]o state or federal constitutional grounds for counsel exist in such proceedings." Wise v. State , 708 N.W.2d 66, 69 (Iowa 2006) ; see also Fuhrmann v. State , 433 N.W.2d 720, 722 (Iowa 1988) ("[W]e detect no state or federal constitutional grounds for counsel in such a proceeding.").
Rather than take the majority's winding road, I would follow the direct path that leads me to the foregoing Iowa cases. The majority ignores our own precedent and fails to mention our unanimous decisions upholding the constitutionality of the three-year time-bar. See Perez v. State , 816 N.W.2d 354, 360 (Iowa 2012) (reiterating that "[w]e have upheld the constitutionality of [ section 822.3 ]"); Davis v. State , 443 N.W.2d 707, 710 (Iowa 1989) (addressing purposes of time-bars for PCRs and stating "due process requires that the interest of the state and the defendant be balanced in determining the reasonableness" of the limitations period).
Additionally, there are several reasons why article I, section 10 of the Iowa Constitution does not apply to PCR actions just based on the text of the provision. When filing a PCR, an applicant is not an "accused." Rather, he or she is already convicted and is affirmatively asking the court for relief. Also, if article I, section 10 applied to PCR actions, there would have to be a right to a jury trial. There would have to be a right to confrontation, and PCR applicants would have to be present in person for all critical stages of the PCR proceeding. Section 10 is not a cafeteria where you can pick and choose which rights a person gets but a complete package. An "accused" in a criminal case or a case involving life or liberty gets all the rights enumerated therein.
*896 In the end, the winding road leads nowhere because the majority acknowledges the result that it reaches is not constitutionally compelled. Nor is today's reinterpretation of section 822.3 justified to avoid a constitutional question. There is no serious constitutional question, nor is there any ambiguity when section 822.3 and section 822.8 are considered together. We have made clear the constitutional-avoidance doctrine cannot be used to alter unambiguous statutory language. In re Prop. Seized for Forfeiture from Young , 780 N.W.2d 726, 729 (Iowa 2010) ("[W]e cannot avoid the constitutional issue posed by the [statute's] plain language ....").
III. There Is No Reason to Overrule Dible .
Dible was correctly decided in 1996, and nothing has changed to warrant overruling it. We unanimously reaffirmed Dible in Walker v. State , 572 N.W.2d 589, 590 (Iowa 1997) (per curiam). Dible provides a clear, bright-line rule that has worked well in practice for decades.
Dible has been applied in numerous unpublished court of appeals decisions. For example, there were four opinions in 2016 alone. See Whiteside v. State , No. 15-0534, 2016 WL 4051578, at *3 (Iowa Ct. App. July 27, 2016) ; Bergantzel v. State , No. 15-1273, 2016 WL 2745065, at *2 (Iowa Ct. App. May 11, 2016) ; Griggs v. State , No. 15-0510, 2016 WL 2746051, at *1 (Iowa Ct. App. May 11, 2016) ; Woodberry v. State , No. 14-1434, 2016 WL 889727, at *1 (Iowa Ct. App. Mar. 9, 2016). Opinions in this area go unpublished because the law is so obvious and clear. Notably, every one of these unpublished cases is now a case that will be reheard under today's decision.
Under Dible , merely alleging ineffective assistance of PCR counsel presents no basis for relief from the underlying convictions. Rather, the ground of fact must be one that trial counsel could not have reasonably discovered and that could have avoided the conviction. A breach of duty by PCR counsel is not a new ground of fact. See Dible , 557 N.W.2d at 886. Dible properly distinguished between ineffective assistance of trial counsel and PCR counsel:
It is important not to confuse the effect of ineffective assistance of trial counsel with the ineffective assistance of appellate or postconviction counsel. The errors of trial counsel have a direct impact on the validity of a criminal conviction. In contrast, the incompetency of appellate counsel or postconviction counsel cannot have this type of impact because their involvement postdates the defendant's conviction.
Id. at 884. Dible provided a sound interpretation of the statutory language. See id. at 885. And Dible "carries out th[e] legislative intent by giving effect to the statute of limitations as it was drafted by the general assembly." Id. at 886. We noted, "Any other decision would result in an endless procession of postconviction actions" and would thwart "the legislature's hope to avoid stale claims and to achieve a sense of repose in the criminal justice system." Id.
We too should follow our precedent because Allison cannot show that our long-established interpretation of section 822.3 is wrong or harmful. See McElroy v. State , 703 N.W.2d 385, 394 (Iowa 2005) ("From the very beginnings of this court, we have guarded the venerable doctrine of stare decisis and required the highest possible showing that a precedent should be overruled before taking such a step." (quoting Kiesau v. Bantz , 686 N.W.2d 164, 180 n.1 (Iowa 2004) (Cady, J., dissenting) ) ). This is especially true given the decades of legislative acquiescence in Dible 's interpretation of section 822.3. See Ackelson v. Manley Toy Direct, L.L.C. , 832 N.W.2d 678, 688 (Iowa 2013) ("[W]e presume the legislature *897 is aware of our cases that interpret its statutes. When many years pass following such a case without a legislative response, we assume the legislature has acquiesced in our interpretation." (Citation omitted.) ).
IV. Other Courts Hold Ineffective Assistance of PCR Counsel Does Not Avoid the Statute of Limitations.
Even if caselaw from other jurisdictions mattered more than Iowa caselaw (and it does not), the majority cites no helpful or persuasive out-of-state authority.
Midway through its opinion, the majority references a 1970 Washington Supreme Court case as being "of interest." Yet the majority disregards a 2015 Washington Supreme Court case that is directly on point-and directly opposed to the majority's view of the case.
Notably, the Washington Supreme Court recently and unanimously rejected "a new exception to the time bar" for ineffective assistance of PCR counsel. In re Pers. Restraint of Yates , 183 Wash.2d 572, 353 P.3d 1283, 1285 (2015) (en banc). The Yates court noted the state's one-year "time bar and its exceptions are creatures of statute and thus adding additional exceptions to the statute is a matter for the legislature, not this court." Id. This is likewise true of Iowa's more generous three-year time-bar in Iowa Code section 822.3. The Yates court also rejected the argument that ineffective assistance of PCR counsel constituted newly discovered evidence. Id. ("The only thing 'new' here is that Yates's new attorney has a new idea for a claim."). Here, Allison's claim that a juror was biased has already been rejected in his first PCR action, and his second PCR lawyer offers no new information supporting that claim. The Yates court honored stare decisis, declining to overturn its precedent without "a clear showing that [the] established rule is incorrect and harmful." Id. (quoting W.G. Clark Constr. Co. v. Pac. Nw. Reg'l Council of Carpenters , 180 Wash.2d 54, 322 P.3d 1207, 1212 (2014) (en banc) ).
The Pennsylvania Superior Court held that a second PCR petition filed after the one-year deadline was time-barred notwithstanding alleged ineffective assistance of counsel in the direct appeal and first PCR action. Commonwealth v. Saunders , 60 A.3d 162, 163, 165 (Pa. Super. Ct. 2013) ; see also Commonwealth v. Pursell , 561 Pa. 214, 749 A.2d 911, 915 (2000) ("[W]hile layered claims of counsel's ineffectiveness may avoid the waiver restrictions in the [Postconviction Relief Act], we have repeatedly held that claims of ineffective assistance of counsel do not automatically qualify pursuant to the exceptions to the one-year limitation provided" by statute.). And the majority today ignores still other decisions holding that allegations of ineffective assistance of counsel do not avoid the statute of limitations for PCR claims. See, e.g. , Baker v. State , 667 So.2d 50, 51 (Ala. 1995) (holding petitioner's PCR claim based upon ineffective assistance of counsel was procedurally barred by two-year statute of limitations); Bevill v. State , 669 So.2d 14, 17 (Miss. 1996) ("[T]his Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar. Therefore, Bevill's ineffective assistance of counsel claim is insufficient to surmount the procedural bar" on his PCR claim.); Winward v. State , 293 P.3d 259, 265 (Utah 2012) (concluding "the mere allegation that counsel was ineffective is not a reasonable justification for missing the [Post-Conviction Remedies Act]'s time limitations").
Missing from the majority opinion is any persuasive caselaw supporting its decision. That silence speaks volumes. The majority *898 fails to even mention our unanimous decisions in Davis and Perez upholding the constitutionality of the three-year time-bar of section 822.3. The majority instead relies on dissenting opinions of other courts. Dissents are not the law. The majority's analysis is irrelevant to the interpretation of Iowa Code section 822.3.
V. The Bad Policy Effects of Today's Decision Will Be Far-Reaching.
The majority provides no limiting principle for today's decision. Going forward, any allegation of ineffective assistance by PCR counsel will avoid the three-year statute of limitations. This opens the floodgates to stale PCR actions. In effect, there is no longer a statute of limitations in PCR actions. The majority's exception to the three-year time-bar will swallow that time-bar.
One bad consequence of today's decision is that our courts are going to be overwhelmed with PCR filings. Until today, the three-year bar had been a way to summarily dispose of meritless and repetitive PCR applications. No more. Each one of these will have a hearing.
Like it or not (and I do not happen to like it), the criminal justice resources in this state are limited by budgetary pressures. If a large portion of the public defender budget has to be devoted to stale, repetitive PCR applications, that means less of that budget will be available for trials, initial appeals, and initial PCRs.
Also, it is unfair for victims-years after the fact-to be forced to relive traumatic experiences. For many victims, learning that the perpetrator will get a new "hearing" is painful enough. Today's decision will also result in unfairness to the state, as cases thought to be finally resolved years earlier are relitigated long after memories have faded or key witnesses and evidence have become unavailable. See Davis , 443 N.W.2d at 710 (addressing purposes of time-bars for PCRs and stating "due process requires that the interest of the state and the defendant be balanced in determining the reasonableness" of the limitations period).
I dissented in Schmidt v. State , but I would note that decision already establishes an escape valve for actually innocent defendants. 909 N.W.2d 778, 790, 797-98 (Iowa 2018). Today's case goes further and creates an escape valve for all defendants-so long as the defendant filed an initial PCR application of some kind within the initial three-year period after the conviction became final.
VI. The Facts of This Case Do Not Warrant a Change in Our Established Law.
Also missing from the majority decision is any discussion of the facts of the crimes of conviction and the absence of any evidentiary basis for relief in Allison's serial PCR actions. The Iowa jury convicted Allison on all three counts of sexually abusing his early teen stepdaughter. The sexual abuse began when his stepdaughter was in seventh grade and continued into her sophomore year of high school at home in the bathroom and Allison's bedroom while his wife worked the night shift. State v. Allison , No. 11-0774, 2012 WL 2819324, at *1, *5 (Iowa Ct. App. July 11, 2012) (direct appeal). Several witnesses corroborated the victim's account by testifying to unusual activity such as Allison and his stepdaughter frequently sleeping in the same bed; Allison and his stepdaughter lying on the bed together underneath a blanket, dressed only in underwear; and Allison commenting on his stepdaughter's breasts. Id. at *6.
Allison even now makes no showing he was wrongfully convicted or is entitled to a *899 new trial. The district court and court of appeals previously rejected Allison's claim that a juror was biased because the juror waved at his ex-wife during a recess in his trial. Allison v. State , No. 14-0925, 2015 WL 5278968, at *1-2 (Iowa Ct. App. Sept. 10, 2015) (first PCR appeal; holding no breach of duty by trial counsel). Allison offers no evidence now that an investigation by trial counsel then would have led to the juror's disqualification or a new trial. See State v. Webster , 865 N.W.2d 223, 239 (Iowa 2015) (noting that "[i]f we disqualified jurors because they empathized with the family of crime victims, we would have no jurors" and rejecting challenge to juror who "liked" comment by victim's stepmother on Facebook during trial). This is not a compelling test case to blow up the statute of limitations.
VII. This Is a Matter for the Legislature.
I would defer to the legislature to make the policy decision whether to extend the deadlines for PCR actions to allow multiple bites at the apple and unlimited time to challenge a criminal conviction. See Davis , 443 N.W.2d at 710-11 (upholding constitutionality of three-year time-bar for PCR actions and stating that "the legislature, within its sound discretion, may determine the proper limitation period").
Unlike Schmidt , which was decided under the Iowa Constitution, today's decision is based on statutory interpretation. See 909 N.W.2d at 793-95. The legislature can have the last word and should amend the statute to abrogate today's decision.
VIII. The Other Grounds Raised by Allison Are Also Nonmeritorious.
The court of appeals in Allison's latest PCR appeal correctly held that he failed to preserve error on his claim that his proposed amended petition avoided section 822.3 's time-bar through a cryptic, conclusory allegation that he "has reason to believe that the victim and other witnesses have recanted their testimony." He provided no affidavit of the victim or any witness purporting to recant trial testimony. The district court did not decide that claim, and Allison failed to file a motion to enlarge or amend under Iowa Rule of Civil Procedure 1.904(2) as required for appellate review. Even if we overlook error preservation, I agree with the court of appeals that those "vague and unsupported statements" in his proposed amended petition "are insufficient to avoid a motion to dismiss [because he] does not even assert the new facts and law 'could not have been raised within the applicable time period.' "
For these reasons, I respectfully dissent.
Mansfield and Zager, JJ., join this dissent.