# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>NICHOLAS NATHANIEL MARTIN,<br><br>                Petitioner. | No. 50516-9-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. – In 2015, Nicholas Nathaniel Martin pleaded guilty to three counts of assault in the second degree (with firearm enhancements), felony harassment, and unlawful possession of a firearm in the second degree. His judgment and sentence was entered on June 26, 2015. Martin did not appeal. Martin now seeks relief from personal restraint.

On June 30, 2017, Martin filed a personal restraint petition (PRP) alleging that his defense counsel incorrectly advised him that a prior robbery in the first degree conviction would have to be revealed to the jury if Martin went to trial. Martin provides a declaration from himself to support this claim.

Martin also alleges in his PRP that defense counsel advised him not to go to trial because Martin is black and would not receive a fair trial. Martin provides four declarations to support this contention. They are from himself, his wife, his wife's friend, and Martin's sister.

Martin first acknowledges that his petition is untimely, but argues it is reviewable based on newly discovered evidence and equitable tolling. Martin also argues that he is entitled to relief because he received ineffective assistance of counsel. Because Martin presents an untimely PRP and because he does not present sufficient grounds to warrant the application of the equitable tolling doctrine, we dismiss his petition.

## ANALYSIS

Martin contends his untimely PRP is properly before us based on newly discovered evidence and ineffective assistance of counsel. He also argues that the equitable tolling doctrine allows him to file this PRP. We disagree.

A.    STANDARD OF REVIEW

A petitioner may request relief through a PRP when he or she is under an unlawful restraint. RAP 16.4(a)-(c). "A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.2d 884 (2010) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 670, 101 P.3d 1 (2004)). The petitioner must prove prejudice by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). In addition, "the petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations." *Monschke*, 160 Wn. App. at 488 (citing RAP 16.7(a)(2)(i)).

In evaluating PRPs, we may dismiss the petition if the petitioner fails to make a prima facie showing of constitutional or nonconstitutional error, remand for a hearing if the petitioner makes

a prima facie showing but the merits of the contentions cannot be determined solely from the record, or grant the PRP without further hearing if the petitioner has proven actual prejudice or a miscarriage of justice. *In re Pers. Restraint of Stockwell*, 160 Wn. App. 172, 176-77, 248 P.3d 576 (2011). We will dismiss a petition if it is untimely. *In re Pers. Restraint of Yates*, 183 Wn.2d 572, 575, 353 P.3d 1283 (2015).

B.      TIMELINESS

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A judgment becomes final when the judgment and sentence is filed. RCW 10.73.090(3)(a). Martin's judgment and sentence became final on June 26, 2015. Martin did not file his PRP until June 30, 2017. Thus, Martin's PRP is untimely unless he demonstrates one of the six statutory exceptions to the one-year requirement in RCW 10.73.100.

Under RCW 10.73.100, the time limit specified in RCW 10.73.090 does not apply to a petition based on one of six statutory grounds. One of those grounds is newly discovered evidence. RCW 10.73.100(1).

To prevail on a claim of newly discovered evidence, a petitioner must show that the evidence (1) will probably change the result of the trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 217, 76 P.3d 241 (2003).

Martin alleges that his attorney wrongly advised him that his prior robbery conviction would be disclosed to a potential jury and that Martin could not receive a fair trial because Martin is black. Martin argues that the discovery that these statements were incorrect amounts to newly discovered evidence. However, Martin's claim does not satisfy the *Stenson* test.

Martin also argues that he was denied effective assistance of counsel. But an ineffective assistance of counsel claim does not fall within RCW 10.73.100's exceptions to the one-year requirement. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 352, 5 P.3d 1240 (2000).

Because Martin does not establish an exception to the one-year time limit, his PRP is untimely.

C.    EQUITABLE TOLLING

Equitable tolling "permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed." *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008). A petitioner who seeks to benefit from the equitable tolling doctrine must demonstrate that the petition was untimely due to bad faith, deception, or false assurances. *Bonds*, 165 Wn.2d at 141-42, 144. In any context, the doctrine of equitable tolling is a narrow doctrine to be used only sparingly and not applicable more generally to "'garden variety'" claims. *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 447-48, 309 P.3d 459 (2013).

Martin argues that his guilty plea violated due process and that his plea and judgment and sentence are invalid because his guilty plea was not made intelligently and voluntarily based on defense counsel's ineffective assistance. But even assuming defense counsel wrongly advised Martin, equitable tolling is not warranted for "'a garden variety claim of [an attorney's] excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)

No. 50516-9-II

(quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)). There is no showing that Martin's petition was untimely due to bad faith, deception, or false assurances. Thus, the record does not indicate equitable tolling is justified under these circumstances.

We dismiss Martin's petition as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

I concur:

MAXA, C.J.

5

WORSWICK (concurring) — I agree with the majority regarding equitable tolling. I also agree with the result the majority reaches regarding timeliness. However, I disagree with the majority's analysis regarding newly discovered evidence as it relates to the ineffective assistance of counsel claim.

Nicholas Martin argues that his petition is timely because of newly discovered evidence that his attorney was ineffective. The majority does not reach this argument, but recasts Martin's argument simply as an ineffective assistance of counsel argument, and then states that "an ineffective assistance of counsel claim does not fall within RCW 10.73.100's exceptions to the one-year requirement." (Majority at 4). This analysis skirts Martin's argument here.

> Our Supreme Court faced an argument identical to the one Martin raises:
>
> Yates suggests that we could find that his case falls under the "[n]ewly discovered evidence" exception to the one-year time bar, RCW 10.73.100(1), if we broadly interpreted this exception to include newly discovered evidence relating to the ineffectiveness of trial counsel. But even if we were to adopt such a broad interpretation, there is no newly discovered evidence involved in Yates's claim. . . . Furthermore, Yates failed to address the five requirements that a petitioner must show in order for newly discovered evidence to constitute grounds for relief in a personal restraint petition, such as the requirement that the evidence could not have been discovered earlier by the exercise of due diligence.

*In re Pers. Restraint of Yates*, 183 Wn.2d 572, 576, 353 P.3d 1283 (2015) (alteration in original).

We have the same situation here. Although it is conceivable that a personal restraint petitioner could successfully argue that evidence of his attorney's ineffective assistance could not have been discovered by the exercise of due diligence, Martin has failed to do so here. Consequently his petition is untimely.

_____
Worswick, J.

6