IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 36511-5-III |
| | ) | |
| ANTHONY ROBERT COVERT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Anthony Covert seeks relief from personal restraint imposed for his 2009 Spokane County convictions after a jury trial of attempted first degree murder, first degree assault, possession of a stolen firearm, second degree unlawful possession of a firearm, and two counts of second degree assault. In this successive petition filed more than one year after the judgment and sentence became final in 2011, Mr. Covert claims he has newly discovered evidence that his trial counsel gave him ineffective assistance by failing to inform him of a favorable plea offer from the State. We dismiss the petition on procedural grounds as time-barred under RCW 10.73.090(1).

FACTS AND PROCEDURE

Anthony Covert was originally charged in November 2008 with two counts of first degree assault, possession of a stolen firearm, and second degree unlawful possession of a stolen firearm. Assistant public defender Alan Rossi was assigned to represent Mr. Covert. In January 2009, the State amended the charges to add attempted first degree murder and two counts of second degree assault. On April 13, 2009, the deputy prosecutor

for Mr. Covert's case, Dale Nagy, e-mailed Mr. Rossi a plea offer to amend the charges to single counts of first degree assault, second degree assault, possession of a stolen firearm, and second degree unlawful possession of a stolen firearm, with a recommended standard range sentence of 200 months. The offer was to remain open until April 17, but it went unanswered. On April 29, Mr. Nagy sent Mr. Rossi a follow-up e-mail asking for a response. Mr. Rossi responded that he had not communicated the offer to Mr. Covert. On May 27, Mr. Nagy again followed up with Mr. Rossi, who stated he believed he had communicated the offer but would again talk to Mr. Covert to make sure. In his personal declaration filed with this petition, Mr. Covert states that he turned down the first offer that Mr. Rossi gave him on the advice of fellow jail inmates who said to not take it because plea offers get better with time.

On August 11, 2009, Mr. Rossi sent Mr. Nagy an e-mail requesting a "bottom line" plea offer. On August 12, Mr. Nagy responded with an offer to amend the charges to four counts of second degree assault (one count to include a firearm enhancement), possession of a stolen firearm, second degree unlawful possession of a stolen firearm, and one currently unfiled count of residential burglary, with a recommended total sentence of 120 months. The offer was to expire on August 21. Mr. Rossi responded that he would discuss the offer with Mr. Covert.

2

The State's August 12, 2009, plea offer went unanswered and the case proceeded to a jury trial on October 14, 2009. Mr. Covert was acquitted on one first degree assault charge but convicted on all other counts. He received a total 432-month sentence. Mr. Covert filed a direct appeal and this court affirmed the judgment and sentence. *See State v. Covert*, noted at 160 Wn. App. 1019, *review denied*, 171 Wn.2d 1033, 257 P.3d 664 (2011). The case became final on the date of the appeal mandate—July 27, 2011. Mr. Covert subsequently filed an unsuccessful first personal restraint petition. *See* Order Dismissing Personal Restraint Petition, *In re Pers. Restraint of Covert*, No. 31011-6-III (Wash. Ct. App. Feb. 14, 2013).

On July 26, 2018, Mr. Covert, through counsel, initiated this petition in the superior court as a CrR 7.8 motion for relief from judgment. Mr. Covert claimed he had newly discovered evidence that Mr. Rossi gave him ineffective assistance of counsel by failing to inform him of the State's August 12, 2009, plea offer.[1]

---

[1] Mr. Covert also claimed in the alternative that he was entitled to a new sentencing hearing for the court to consider his youth as a mitigating factor under the intervening case, *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015). He abandoned that claim after the Washington Supreme Court held in *In re Personal Restraint of Light-Roth*, 191 Wn.2d 328, 422 P.3d 444 (2018), that *O'Dell* was not a significant change in the law.

Mr. Covert explained in a declaration accompanying his motion that, sometime after August 2015, a fellow prison inmate told him that he had made a public records request to the prosecutor and learned about plea offers in his case that had not been communicated to him. Mr. Covert heeded this information and requested the Spokane County Public Defender's Office to provide him with all communications in his case between Mr. Rossi and the prosecution. He received no response. He then requested the same information from the Spokane County Prosecutor's Office. In September 2016, Mr. Covert received records of e-mails between Mr. Nagy and Mr. Rossi showing that Mr. Nagy had offered a bottom line 120-month plea deal that Mr. Covert says Mr. Rossi never communicated to him. Mr. Covert states he knew that going to trial was unpredictable and that he felt it was safer to take a plea offer, but a second offer never came. He states he certainly would have taken the 120-month deal had he known about it. Mr. Rossi has not supplied a declaration on the matter.

The superior court found as a threshold matter that Mr. Covert's motion was procedurally time-barred under RCW 10.73.090(1), and ordered it transferred to this court for consideration as a personal restraint petition. CrR 7.8(c)(2). The superior court reasoned, in part, that there is no precedent in Washington law for newly discovered evidence—one of the time bar exemptions under RCW 10.73.100(1)—to serve as a

4

gateway for an otherwise time-barred ineffective assistance of counsel claim. The court

determined it lacked authority to declare a new exception to RCW 10.73.090(1), and

suggested that to do so is the province of the legislature. This court opened the file as a

personal restraint petition.

## TIMELINESS STANDARDS

Since Mr. Covert filed this petition more than one year after his judgment and

sentence became final in 2011, it is barred as untimely under RCW 10.73.090(1) unless

the judgment is invalid on its face or was entered without competent jurisdiction, or the

petition is based solely on one or more of the six exceptions in RCW 10.73.100. *See In re*

*Pers. Restraint of Adams*, 178 Wn.2d 417, 425-27, 309 P.3d 451 (2013) (Claims that do

not fall within the confines of an RCW 10.73.100 exception—or do not fall within the

facial invalidity or lack of jurisdiction exceptions in RCW 10.73.090(1)—are not exempt

from the time bar and will not be considered.). This court will dismiss a successive

petition that does not overcome the one-year time bar. *In re Pers. Restraint of Bell*,

187 Wn.2d 558, 564, 387 P.3d 719 (2017).

Newly discovered evidence is grounds for relief in a personal restraint petition if

those facts "in the interest of justice require vacation of the conviction, sentence, or other

order entered in a criminal proceeding." RAP 16.4(c)(3). But the unlawful restraint

criteria in RAP 16.4(c) are expressly subject to the restrictions in RCW 10.73.090 and

RCW 10.73.100. RAP 16.4(d). RCW 10.73.100(1) sets forth the time bar exception for

"[n]ewly discovered evidence, if the defendant acted with reasonable diligence in

discovering the evidence and filing the petition or motion[.]" The standard employed

under the rule is the same as that applied to motions for new trial that allege newly

discovered evidence. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 319-20, 868 P.2d 835

(1994). Under that test, the defendant must show:

> that the evidence (1) will probably change the result of the trial; (2) was
> discovered since the trial; (3) could not have been discovered before trial by
> the exercise of due diligence; (4) is material; and (5) is not merely
> cumulative or impeaching.

*Id*. at 320 (quoting *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981)).

## ANALYSIS

Mr. Covert contends that RCW 10.97.100(1) excepts his petition from the one-year

time bar in RCW 10.73.090, and the petition should be determined on the merits because

the purported newly discovered evidence establishes that Mr. Rossi was ineffective for

failing to apprise Mr. Covert of the State's final plea offer. Mr. Covert urges this court to

expansively interpret RCW 10.73.100(1) to include newly discovered evidence of

ineffective assistance of counsel—a concept the Washington Supreme Court identified

but did not rule on in *In re Personal Restraint of Yates*, 183 Wn.2d 572, 576, 353 P.3d 1283 (2015).

The State, on the other hand, contends Mr. Covert's petition should be dismissed as untimely because there is no authority for the newly discovered evidence exception to serve as a gateway to revive an otherwise time-barred ineffective assistance of counsel claim. We agree, and for the reasons that follow we dismiss Mr. Covert's petition as time-barred.

We first observe well-settled substantive principles that a defendant's right to effective counsel extends to plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162-63, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Missouri v. Frye*, 566 U.S. 134, 141-42, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012). "Effective assistance of counsel includes assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial." *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010). Defense counsel's duties include communicating actual offers, discussing tentative plea negotiations, and discussing the strengths and weaknesses of the defendant's case so that the defendant knows what to expect and can make an informed decision on whether to plead guilty. *State v. James*, 48 Wn. App. 353, 362, 739 P.2d 1161 (1987).

A claim that trial counsel was ineffective for failing to inform the defendant of a

plea offer is appropriately raised in a timely-filed personal restraint petition. But when

such a claim is filed more than one year from when the judgment became final, it will not

be considered because ineffective assistance of counsel does not fall within any time bar

exception listed in chapter 10.73 RCW. *In re Pers. Restraint of Adams*, 178 Wn.2d at

426-27; *see also In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 349, 5 P.3d 1240

(2000).

Nevertheless, the more precise question presented here—one not raised in *Adams*

or otherwise resolved in any case brought to our attention—is whether the newly

discovered evidence exception in RCW 10.73.100(1) can serve as a gateway to an

otherwise time-barred claim of ineffective assistance for counsel's alleged failure to

inform the defendant of a plea offer.

Initial insight is provided in *In re Personal Restraint of Runyan*, 121 Wn.2d 432,

853 P.2d 424 (1993), where the Washington Supreme Court upheld the constitutionality

of RCW 10.73.090's one-year time limit with its six substantial exceptions specified in

RCW 10.73.100. The court explained:

> In addition to preserving the constitutional core of habeas corpus,
> this statute also allows exceptions when later developments bring into
> question the validity of the petitioner's continuing detention. *Exceptions are
> made for circumstances which impact directly on the guilt or innocence of*

> *the petitioner, such as the discovery of new evidence, RCW 10.73.100(1),* or
> convictions obtained with insufficient evidence, RCW 10.73.100(4). . . .
> These exceptions are broader than is necessary to preserve the narrow
> constitutional scope of habeas relief. The Legislature, of course, is free to
> expand the scope of collateral relief beyond that which is constitutionally
> required, and here it has done so to include situations which affect the
> continued validity and fairness of the petitioner's incarceration.

*Runyan*, 121 Wn.2d at 444–45 (emphasis added).

The language in *Runyan* emphasized above suggests the newly discovered evidence exception in RCW 10.73.100(1) is limited to evidence that directly implicates guilt or innocence, and not to collateral matters such as ineffectiveness claims arising from plea negotiations. This is consistent with the literal focus of the *Williams* factors on new evidence that would likely change the "trial" outcome. *Williams*, 96 Wn.2d at 223.

The concurring opinion by Justice Stephens in *In re Personal Restraint of Coats*, 173 Wn.2d 123, 267 P.3d 324 (2011), is further instructive:

> The one-year time bar in RCW 10.73.090 presupposes that some,
> if not many, meritorious claims will be barred from consideration when
> petitioners fail to raise the claims in a timely manner. Thus, in the vast
> majority of cases, the interests of finality and efficiency that justify the
> one-year time bar will prevail over a petitioner's interest in having his
> meritorious claim heard. The exceptions listed in RCW 10.73.090 and
> RCW 10.73.100 represent the only situations in which the legislature has
> deemed that finality and efficiency must yield to the interests that weigh
> in favor of considering an untimely claim on its merits.

9

*Coats*, 173 Wn.2d at 169–70 (Stephens, J., concurring). Justice Stephens further observed that "[u]nder RCW 10.73.100, there is no notion of a claim serving as a gateway for consideration of other claims that do not fit within one of the enumerated exceptions." *Id*. at 169.

More recently, in *Adams*, the Washington Supreme Court cited favorably to the *Coats* concurrence's explanation of the finality principles and scope of RCW 10.73.100, including that there is no notion for a claim serving as a gateway to consider an otherwise time-barred claim. *In re Pers. Restraint of Adams*, 178 Wn.2d at 425-26. This view coincides with the express language in RCW 10.73.100 that "[t]he time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based *solely* on one or more of the following [six enumerated] grounds[.]"

Subsequently, in *Yates*, the Washington Supreme Court declined to squarely address a claim by the petitioner that newly discovered evidence should serve as a gateway to seek relief on an otherwise time-barred ineffective assistance claim:

> Yates suggests that we could find that his case falls under the "[n]ewly discovered evidence" exception to the one-year time bar, RCW 10.73.100(1), if we broadly interpreted this exception to include newly discovered evidence relating to the ineffectiveness of trial counsel. But even if we were to adopt such a broad interpretation, there is no newly discovered evidence involved in Yates's claim. The only thing "new" here is that Yates's new attorney has a new idea for a claim. That is not newly discovered evidence.

10

*Yates*, 183 Wn.2d at 576. The *Yates* court also declined to create a new exception for claims involving ineffective assistance of postconviction counsel in capital cases. The court reasoned that the time bar and its exceptions are creatures of statute and adding additional exceptions is a matter for the legislature, not the court. *Id.* at 576-77. After *Yates*, we find no Washington case adopting the proposal asserted now by Mr. Covert.

In view of the above discussion, we reject Mr. Covert's interpretation that the time-bar exception in RCW 10.73.100(1) for newly discovered evidence provides a gateway to consider his otherwise time-barred ineffective assistance of counsel claim. As did the trial court, we perceive that any expansion of the RCW 10.73.100 exceptions is the province of the legislature. Accordingly, we do not reach the merits of Mr. Covert's claim and must dismiss his successive petition as time-barred under RCW 10.73.090(1) and *In re Personal Restraint of Bell*, 187 Wn.2d at 564.[2]

---

[2] We recognize the potential unfairness to a defendant if trial counsel fails to convey a State's plea offer that the defendant would have accepted. A plea offer is something that only defense counsel would have access to, and failure to convey it deprives the defendant of available choices. And given that discussions between the client and defense counsel are privileged, "the prosecution has little or no notice if something may be amiss and perhaps no capacity to intervene in any event." *Missouri v. Frye*, 566 U.S. at 143. In sum, a defendant's ability to learn of an uncommunicated plea offer is inherently difficult. Nevertheless, consistent with the above-discussed finality principles, timeliness restrictions, and scope of the RCW 10.73.100 exceptions—which do not include ineffective assistance of counsel—we decline to expansively interpret RCW 10.73.100(1), as Mr. Covert requests.

11

In so doing, we decline to consider additional documents from Mr. Rossi's public defender's office personnel file from 2015 and 1998-99 that Mr. Covert appends to his reply brief as purported evidence that Mr. Rossi was performing too incompetently to have conveyed the State's final plea offer to him in 1999. As a substantive matter, the personnel documents relate solely to Mr. Covert's time-barred ineffective assistance of counsel theory and we thus do not consider them. This obviates the State's motion to strike attachments A and B to the Petitioner's Reply Brief and references thereto in in the brief. And because the time bar renders irrelevant any factual issues surrounding Mr. Rossi's alleged deficient performance, we thus also reject Mr. Covert's alternative request for a superior court reference hearing.

Finally, we reject Mr. Covert's contention raised for the first time in his reply brief that the time bar should be equitably tolled so that his claim can be considered. A petitioner who seeks to benefit from the equitable tolling doctrine must demonstrate that the petition was untimely due to bad faith, deception, or false assurances. *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141-42, 196 P.3d 672 (2008). In any context, the doctrine is a narrow one "to be used only sparingly and not applicable more generally to 'garden variety' claims of neglect." *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 447-48, 309 P.3d 459 (2013). Mr. Covert does not show that his petition was untimely

due to bad faith, deception, or false assurances. Assuming *arguendo* that Mr. Rossi in fact neglected to convey the State's offer, Mr. Covert still does not show that the circumstances justify equitable tolling.

Mr. Covert's petition is dismissed as time-barred under RCW 10.73.090(1).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.