# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | | No. 55810-6-II |
| JASON ROBERT STOMPS, | | UNPUBLISHED OPINION |
| Petitioner. | | |

GLASGOW, J.—Jason Robert Stomps seeks relief from personal restraint imposed following his 2015 convictions for first degree burglary, three counts of second degree kidnapping, and three counts of second degree assault. He argues he is entitled to a new trial based on newly discovered evidence of his counsel's ineffective assistance and a significant change in the law around criminal liability for bail recovery agents. He also argues there is insufficient evidence to support his convictions. Because Stomps's petition is time barred and mixed, we dismiss his petition.

## FACTS

We recite the established facts of Stomps's case stated in our opinion from his direct appeal.[1] One evening, while working as a bail bond recovery agent, Stomps went to the home of Annette and Bill Waleske looking for Courtney Barnes. When Barnes's girlfriend guaranteed Barnes's bail bond, she listed the Waleskes' address as her address. When Barnes missed a court hearing, the bail bond company contracted with Stomps to locate him.

---

[1] *State v. Stomps*, No. 47546-4-II, slip op. (Wash. Ct. App. July 19, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2047546-4-II%20Unpublished%20Opinion.pdf.

The Waleskes were out of the house when Stomps arrived, but their adult children were home along with their daughter's boyfriend. Their daughter was watching a movie with her boyfriend when they heard Stomps pounding on the door. Stomps yelled through the door, "'I'm looking for Courtney Barnes. Open up your door, or I'll kick your f[*****]g door down.'" *Stomps*, No. 47546-4-II, slip op. at 2. Frightened, the daughter responded that they did not know Courtney Barnes and told Stomps to leave. Stomps continued pounding on the door and yelling. While the daughter was on the phone with a 911 operator, Stomps broke down the front door. Stomps ordered everyone in the house downstairs while pointing a gun at them. Stomps ordered the Waleskes' son to handcuff himself to the daughter's boyfriend.

The police arrived and arrested Stomps. The State ultimately charged Stomps with first degree burglary, three counts of first degree kidnapping, and three counts of second degree assault. Each charge included a special allegation that Stomps was armed with a firearm. Stomps testified in his own defense at trial. A jury found Stomps guilty as charged. Stomps appealed, arguing that evidence was insufficient to support the jury's verdict. We affirmed Stomps's convictions. The mandate terminating review was issued on February 13, 2017.[2]

In December 2020, we dismissed Stomps's first personal restraint petition because at least one of the grounds that he raised was time barred and, therefore, the petition was mixed.[3] Stomps filed this personal restraint petition on January 29, 2021.

---

[2] Mandate, *In re Pers. Restraint of Stomps*, No. 47546-4-II (Wash. Feb. 13, 2017).
[3] *In re Pers. Restraint of Stomps*, No. 53400-2-II (Wash. Ct. App. Dec. 1, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2053400-2-II%20Unpublished%20 Opinion.pdf.

ANALYSIS

Stomps argues he is entitled to a new trial based on newly discovered evidence of ineffective assistance of counsel and a significant change in the law around criminal liability for bail recovery agents. He also contends there was insufficient evidence to support his convictions. We conclude that his petition is time barred.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Stomps's judgment and sentence became final in February 2017, when we issued the mandate for his direct appeal. RCW 10.73.090(3)(b). He did not file this petition until January 2021, more than one year later. Unless he shows that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially invalid, his petition is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Stomps does not claim any facial invalidity in his judgment and sentence. He argues that three of the exceptions contained in RCW 10.73.100 apply to his petition. First, he argues that RCW 10.73.100(1) exempts his petition from the time bar because he has newly discovered evidence of his trial counsel's ineffective assistance. For purposes of RCW 10.73.100(1), newly discovered evidence must (1) probably change the result of the trial, (2) be discovered since the trial, (3) not have been able to be discovered before the trial through the exercise of due diligence, (4) be material, and (5) not be merely cumulative or impeaching. *In re Pers. Restraint of Brown*, 143 Wn.2d 431, 453, 21 P.3d 687 (2001). The absence of any one of these factors is grounds for denial of a petition based on newly discovered evidence. *Id.*

Stomps contends that the newly discovered evidence is (1) evidence of what his one-time codefendant saw during his and Stomps's entrance into the house, and (2) a 2019 expert declaration averring that Stomps acted properly as a bail recovery agent when he entered the house. The codefendant's testimony was not newly discovered since the trial because it was based on a police interview that the codefendant gave in 2014 prior to trial. Stomps argues that because he is claiming ineffective assistance of trial counsel, he should be excused from the requirement of showing that the evidence was discovered since the trial. But as the court in *In re Personal Restraint of Yates*, 183 Wn.2d 572, 576, 353 P.3d 1283 (2015), observed, a new idea or argument that trial counsel did not raise or make does not constitute newly discovered evidence. Moreover, a claim of ineffective assistance alone does not, by itself, satisfy one of the exceptions to the statutory time bar. *See In re Pers. Restraint of Adams*, 178 Wn.2d 417, 426-27, 309 P.3d 451 (2013); *see also In re Pers. Restraint of Sorenson*, 200 Wn. App. 692, 701, 403 P.3d 109 (2017).

As for the expert declaration, Stomps again does not show that the declaration could not have been obtained before trial through the exercise of due diligence. Stomps therefore does not show that his petition is exempt from the time bar under RCW 10.73.100(1).

Stomps also argues that insufficient evidence supported his convictions and that he was immune from criminal liability based on his actions as a bail recovery agent. He contends that these claims in his petition are exempt from the time bar under RCW 10.73.100(4) and (6), respectively. But under the mixed petition rule, if at least one of the grounds asserted in a personal restraint petition fails to meet one of the RCW 10.73.100 exceptions and the judgment and sentence is valid on its face and was rendered by a court with competent jurisdiction, then the petition is "mixed" and must be dismissed. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d

No. 55810-6-II

241 (2003); RCW 10.73.090. We do not analyze every claim that is raised to determine which is time barred and which is not. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 703, 72 P.3d 703 (2003).

In sum, Stomps fails to show that newly discovered evidence or any other exception in RCW 10.73.100 applies to his claim of ineffective assistance of counsel creating, at best, a mixed petition that must be dismissed.

His request for a reference hearing under RAP 16.11(a) is denied. We dismiss the petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Price, J.